MASTIN *v.* MASTIN.

*(Supreme Court, General Term, Second Department. June 25, 1888.)*

1. EQUITY—REFORMATION OF DEEDS—CONVEYANCE OF WIFE'S LAND TO HUSBAND.
   Where a husband and wife purchased land in 1869, the wife paying more than half of the purchase money, and the conveyance was made by mistake to the husband alone, without her knowledge or consent, and they entered into possession, and since the death of her husband, in 1879, she has been in possession, equity will reform the deed by inserting her name as one of the grantees, and decree her to be the sole owner of the property since the death of her husband, as against the heirs of the husband, and a mortgagee with notice of her possession, to whom one of the heirs had executed a mortgage.[1]

2. SAME—REFORMATION OF DEEDS—LIMITATION.
   An action for the reformation of such deed, begun in 1887, is not barred by the statute of limitations.

Appeal from special term, Dutchess county; J. F. BARNARD, Justice.

Action for the reformation of a deed, begun in December, 1887.

*Frank L. Akerley,* for himself and Irving H. Mastin. *Ransom Baker,* attorney and guardian *ad litem* for Stephen E. Mastin. *Hackett & Williams,* for respondent.

DYKMAN, J. This is an equitable action brought for the reformation of a deed made by Ely Mastin to James E. Mastin in June, 1869. The plaintiff is the widow of James E. Mastin, who died intestate on the 5th day of May, 1879. It was the claim of the plaintiff that her name should have been inserted in the deed as a co-grantee with her husband, and that her name was omitted from the conveyance of the property by mistake, and that she paid more than one-half of the purchase money of the property. The trial judge found, as a fact, that the plaintiff and her husband purchased the land described in the complaint, and that the conveyance was made to her husband alone without her knowledge or consent, and that by mistake the name of the plaintiff was not inserted in the deed, although it was the intention of the grantee, James E. Mastin, and the plaintiff, to have it so inserted therein,—she being one of the purchasers of the property, and having paid more than one-half of the consideration named in the said conveyance; that the plaintiff and her husband entered into the possession of the premises about the time of the execution of the deed, and continued to occupy the same together until the death of James E. Mastin, in May, 1879, and since that time the plaintiff has been and still is in the exclusive possession of the said premises, to the full knowledge of all the defendants in this action; that James E. Mastin, husband of the plaintiff, left him surviving his widow and the defendants Irving H. Mastin and Stephen Mastin, his only children and heirs at law; that in No-

---

[1] As to when equity will relieve on the ground of mistake, and the proof necessary, see Little v. Webster, *ante,* 315, and note.

vember, 1887, Irving H. Mastin executed and delivered to Frank L. Ackerly, one of the defendants in this action, a mortgage upon said premises for the sum of $100. And as a conclusion of law the trial judge decided in favor of the reformation of the deed by the insertion therein, as one of the grantees, the name of the plaintiff, Sarah E. Mastin, and that the deed should have the same force and effect as if her name had been inserted therein at the time of the execution and delivery thereof; that upon the death of said James E. Mastin, the husband of the plaintiff, she, as the survivor of her husband, became the sole owner of the property, and has been since then, and now is, the absolute owner thereof in fee-simple; that the defendants, Stephen Mastin, Irving H. Mastin, Frank L. Ackerly, have no right or title or interest in the said property, or any lien thereon, by virtue of the said mortgage or otherwise. Judgment was ordered in favor of the plaintiff accordingly, with costs, which has been entered, and from which the defendants appeal. The statute of limitation was set up by the answer of the defendant Ackerly, but it is not available as a defense, for the reason that the action was commenced in time. Our conclusion is that the judgment appealed from is eminently just and equitable, and should be affirmed, with costs.