Burdette B. Brown and Another, Respondents, *v.* Helen M. Brown, Defendant; Charles Dow and Another, Appellants.

*Action to reform a deed — merger of prior agreements between the parties — burden of proof — laches — power of husband and wife to take as tenants in common — deed from a husband to his wife — when valid in equity.*

It is presumed that all the prior negotiations and agreements between grantees on the subject of the estate to be taken by them have been finally concluded by, and are embraced in, the terms of the deed conveying such estate, and in an action brought to reform a deed because it•does not conform to the understanding of the grantees therein named as to the title to be taken by them, the burden of proof is upon the plaintiff to overcome such presumption by evidence.

To reform an agreement between parties it is essential that mutual mistake or fraud on the part of one of the parties be shown, but such rule is not necessarily applicable to a case where the mistake occurs merely in the reduction of the agreement to writing.

When a grantor fails to observe the contract pursuant to which a deed is made, a grantee who has not assented to the terms of the deed nor been advised at the time of its delivery of the defective execution of the contract, may seek a remedy in an action for the reformation of the deed founded upon the charge of fraud on the part of the grantor.

The fact that a wife relied upon her husband to prepare a deed according to their mutual understanding, and rested in the belief that it was so made, and did not ascertain or know that it did not express their intentions, does not necessarily constitute *laches* on her part, or deny to her or her heirs the right to make the mistake and misapprehension a ground for reformatory relief.

It is enough to authorize the reformation of a contract if it appears that, through the mistake of both parties to it, the intentions of neither have been expressed in it.

Since the statute has given to the wife individuality, for the purpose of taking and holding property as effectually as if she were a *feme sole*, she may take as a tenant in common under a single deed to her and her husband, if the deed properly expresses an intention to that effect.

While a deed made by a husband directly to his wife is void at law by reason of the marital relation, yet, if it has for its support an adequate consideration paid by her to him, it may be valid and effectual in equity.

Appeal by the defendants, Charles Dow and another, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Allegany on the 3d day of January, 1894, upon the report of a referee.

*William H. Henderson,* for the appellants.

*L. C. Van Fleet,* for the respondents.

BRADLEY, J.:

The import of the terms of the deed of conveyance made by Jason Hunt and wife to Anson D. Brown and Esther J. Brown, his wife, was that the grantees took title as tenants by the entirety, and, therefore, that on the death of the wife the husband became seized of the entire estate in the premises. (*Bertles* v. *Nunan*, 92 N. Y. 152.)

The plaintiffs allege that the relation of the grantees to the title was not correctly represented by the deed, but that by it they intended and sought to take title as tenants in common, and that the words essential to the creation of such tenancy were omitted from the deed by inadvertence or mistake.

The referee upon the subject found as facts that, by an agreement between Anson D. Brown and Esther J. Brown, they agreed to purchase the lot; that each should pay one-half of the purchase price ; that a deed should be taken by them as tenants in common, each to have an equal undivided half; that Anson D. Brown should prepare the deed containing a provision to that effect; that he did prepare the deed, which was executed by the grantors; that each of the grantees paid one-half of the purchase money, and the deed was delivered to Anson D. Brown, who caused it to be recorded ; that he as well as his wife intended that the deed should convey to the wife an equal undivided half of the premises as tenant in common with her husband ; that she had no actual knowledge of the terms of the deed, but believed that it did contain a provision to that effect, assented to nothing to the contrary and never knew that its legal effect was otherwise. That in 1874 the grantees erected a house on the premises, and each of them paid one-half of the expense of the building. That in March, 1876, Anson D. Brown, by deed, conveyed an equal undivided half of the premises to Esther J. Brown, his wife ; that she paid him as the consideration the fair value of such half, and that all the payments so made by her were made out of and from her separate estate, the most of which came to her from her father. These facts have the support of evidence. And the question is, whether or not they are sufficient to permit the relief sought and directed by the referee.

The judgment of the defendant Dow was recovered in 1887 upon a debt incurred by Brown in 1881. He caused the premises to be

sold upon execution issued upon his judgment and took the sheriff's certificate of sale.

The alleged purpose of the action was not to reform the agreement made between the grantees pursuant to which the deed was taken in their names, but to reform the deed because it was not in terms made to conform to such understanding. The plaintiffs in the outset encountered the presumption that all prior negotiations and agreements between the grantees on the subject were finally reduced to and concluded by the terms and legal effect represented by the deed. And they assume the burden of overcoming by evidence such presumption. This they have done in so far as to make it appear that Mrs. Brown did not assent that the deed should be made to create any other relation of the grantees to the premises than that of tenancy in common, and that she was not cognizant of the omission of the provision requisite to effectuate such purpose. And while Anson D. Brown understood that he was to have the deed so made pursuant to such agreement, and intended to do so, he failed to accomplish what he had undertaken in that respect. It is very likely that such failure was because he was not well advised of the effect of the language of the grant or of what was essential in its terms to accomplish the purpose in view. His mistake, therefore, was in the failure to make use of words to express in the conveyance what was necessary to such purpose, and to effectuate the intention of the grantees.

It is urged on the part of the defendants that those facts are not sufficient to entitle the plaintiffs to relief, but that fraud on the part of Mr. Brown, or mutual mistake of fact of himself and his wife, is essential to the reformation sought. That position is sound in its application to a remedy to reform an agreement as such between parties. But that rule to the extent claimed for it is not necessarily applicable to a case where the mistake is merely in the reduction of the agreement to writing. (*Pitcher* v. *Hennessey*, 48 N. Y. 415; *Born* v. *Schrenkeisen*, 110 id. 55; *Marsh* v. *McNair*, 48 Hun, 117.)

When a grantor fails to observe the contract pursuant to which his deed is made, the grantee, not assenting to its terms nor advised at the time of its delivery of the defective execution of the contract, may seek the remedy in an action brought for the reformation of

the deed founded upon the charge of fraud on the part of the grantor. ( *Welles* v. *Yates,* 44 N. Y. 525.)

In the present case the agreement in question was made between the grantees alone, and had relation only to the interests which they respectively intended to take in the land. It was a matter about which the grantors were necessarily indifferent. The reason it was not consummated by the terms of the conveyance is attributable to the failure of the husband to so draw the deed as to express in that instrument that which was essential to give effect to the agreement pursuant to which they as between themselves made the purchase. There was no actual fraud on the part of Mr. Brown. And while he knew how the grant was expressed, his mistake or misunderstanding was as to the effect of the language employed. It is reasonable, in view of the relation between himself and his wife, to assume that she confidently relied upon him to prepare the deed according to their understanding, and that she rested in the belief that it was so made. And the fact that she did not ascertain or know that it was in effect otherwise, did not necessarily charge her with *laches* or deny to her or her heirs the right to make the mistake and misapprehension available for reformatory relief. (*Martin* v. *Martin,* 1 N. Y. Supp. 746 ; *Albany City Savings Institution* v. *Burdick,* 87 N. Y. 40.)

It seems, in view of the facts so found and which the evidence tends to prove, that both the husband and the wife believed that their relative interests in the property taken by the conveyance were those with which they intended and sought by it to become vested, and thus (assuming that both of them were advised of the contents of the deed) their mistake may be said to have been mutual as to the effect of the words employed to express the grant to them. But the inference is permitted that such assumption was not applicable to the wife. In *Maher* v. *Hibernia Ins. Co.* (67 N. Y. 283) Judge FOLGER said : " It is enough to authorize the reformation of a contract if it appears that, through the mistake of both parties to it, the intentions of neither have been expressed in it."

The facts in the present case make that proposition applicable. The reason of the rule which requires mutual mistake of the parties to a contract to reform it, is that otherwise the court might make a new contract for them which would be the consequence of its reformation, when the mistake is applicable to only

one of the contracting parties. But when the contract as written does not fully or correctly express their intentions the court will give effect to it as made. Here it is found what the agreement was between Mr. and Mrs. Brown, and that their intentions were alike disappointed by the failure of the deed in its terms to give effect to it. In that view, by the reformation sought for or by adjudication of the relative rights of the grantees in the deed, the court effectuates the intent and purpose of their agreement before mentioned. It is, however, suggested on the part of the defendants that while the marital relation existed the husband and wife could not take as tenants in common under the deed by reason of their unity in contemplation of law.

Since the statute has given to the wife individuality for the purposes of taking and holding property as effectually as if she were a *feme sole* it would seem but reasonable that she may take as tenant in common under a single deed to her and her husband properly expressing the purpose of the conveyance to that effect.

And while the deed made by Anson D. Brown to Esther J. Brown, his wife, was, by reason of such relation, void at law, yet, having for its support an adequate consideration paid by her to him, it may be valid and effectual in equity. And the conclusion of the referee in respect to that deed is sustained by the facts found by him.

These views lead to the conclusion that the judgment should be affirmed.

DWIGHT, P. J., LEWIS and HAIGHT, JJ., concurred.

Judgment appealed from affirmed, without costs of this appeal to either party.