(110 App. Div. 816.)

PEOPLE ex rel. EISMAN v. RONNER, County Register.

(Supreme Court, Appellate Division, First Department. January 26, 1906.)

1. STATUTES—PASSAGE OF BILL—NUMBER OF VOTES REQUIRED—APPROPRIATIONS.

Mortgage Tax Law, Laws 1905, p. 2059, c. 729, amending Tax Law, Laws 1896, p. 795, c. 908, imposing a tax on debts secured by a mortgage is not, by reason of section 307 thereof, which provides that a half of the net amount collected shall be paid to the State Treasurer and the remaining portion paid into the general fund of the county in which the tax is collected, and be applied to the reduction of taxation, in conflict with Const. art. 3, § 20, providing that the assent of two-thirds of the members elected to each branch of the Legislature shall be requisite to bills appropriating public money to private purposes, for the proportion of the tax awarded to the county is not public money of the state.

2. SAME—VALIDITY—PARTIAL INVALIDITY—EFFECT.

The law is not invalid, though it be conceded that Laws 1905, p. 2079, c. 729, § 309, providing that any contract in respect to any mortgage by which the mortgagor shall agree to pay the tax shall be void is in conflict with Const. art. 1, § 6, prohibiting the deprivation of property without due process of law, in that it interferes with the liberty to contract, this section having no relation to the imposition of the tax, but only with the power of contract between individuals.

3. CONSTITUTIONAL LAW—EQUAL PROTECTION OF THE LAW—DUE PROCESS OF LAW.

The law does not deny the equal protection of the laws or deprive one of property without due process of law in violation of the fourteenth amendment to the federal Constitution merely because it applies to mortgages recorded after July 1, 1905, since all persons presenting mortgages for record after that date are taxed.

Appeal from Special Term, New York County.

Mandamus by the people, on the relation of Michael Eisman, against John H. J. Ronner to compel defendant as register of the county of New York to accept for recording and to record a mortgage on payment of the recording fees. From an order denying a peremptory writ of mandamus (95 N. Y. Supp. 518), relator appeals. Affirmed.

Argued before O'BRIEN, P. J., and McLAUGHLIN, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Edward Lezensky, for appellant.

Julius M. Mayer, for respondent.

INGRAHAM, J. The question presented on this appeal is as to the constitutionality of what is known as the mortgage tax law (chapter 729, p. 2059, Laws 1905). It is claimed by the appellant that the act is in violation of section 20 of article 3 of the Constitution of this state, which provides that:

"The assent of two-thirds of the members elected to each branch of the Legislature shall be requisite to every bill appropriating the public moneys or property for local or private purposes."

This act was passed as an amendment and addition to the tax law (chapter 908, p. 795, Laws 1896). It imposes a tax upon all debts and obligations for the payment of money, secured in whole or in part by a mortgage upon property situated within this state, and this objection is based upon the provisions of section 307 of the tax law as amended, which provides that upon the first day of each month the recording officer shall pay over to the county treasurer of each county and in the counties of New York, Kings, Queens, and Richmond, to the chamberlain of the city of New York, all moneys received during the preceding month upon account of taxes paid to him, and the county treasurer of each county and the city chamberlain of the city of New York shall quarterly, after having deducted the necessary expenses of his office, transmit one-half of this net amount collected under the provisions of this article to the state Treasurer, and the remaining portions thereof in the counties of New York, Kings, Queens, and Richmond shall be paid into the general fund of the city of New York, and be applied to the reduction of taxation; and in the other counties of the state the remaining portions shall be held by the respective county treasurers subject to the order of the board of supervisors, as thereinafter provided; and this is claimed by the appellant to be an appropriation of the money raised by taxation in violation of the provisions of the Constitution to which attention has been called.

It seems to me that this law is not in conflict with this provision of the Constitution. It is true that the tax is imposed upon the general taxing power of the state, but so are all taxes imposed by the city of New York for local or municipal purposes. There could be no doubt of the power of the state to authorize the imposition of such a tax for the benefit of the municipality of the city of New York; and having authorized the imposition of the tax by the local officers, the apportionment of the tax by which a part shall be applied to local purposes, and part to general state purposes, it is not an appropriation of the money by the state Legislature within this clause of the Constitution. Appropriations of money raised by taxation, which had become the money of the state is controlled by this section of the Constitution; but where a tax is imposed for the benefit of the state and a political subdivision of the state jointly, the Legislature can apportion that tax, and the part which is reserved for the benefit of a political subdivision of the state does not come within the definition of an appropriation of "public moneys, or property for local or private purposes." The proportion of the tax which is applicable to the county of New York is no more the public money of the state than is the amount raised by taxation for municipal purposes in the city of New York each year. The statute simply imposes a tax, and provides that a certain proportion of it shall be a local tax and applied as such, and the balance shall be paid into the state treasury, and become public money of the state.

This is the view that is taken in the case of People ex rel. Einsfeld v. Murray, 149 N. Y. 367, 44 N. E. 146, 32 L. R. A. 344. The Chief Judge, delivering the opinion of the court in that case, says:

"We also assent to the proposition that the provisions of the former excise laws under which excise moneys were paid over to localities, constituted appropriations of public moneys. But the public moneys referred to in article 3, § 20, of the Constitution, are public moneys of the state as contradistinguished from public revenues levied for local purposes by towns, cities, and villages under the state authority, or moneys which by a long course of legislation, as in the case of excise moneys, have been treated as standing in the same situation. The act of 1896, also, we think, appropriates to the towns and cities the two-thirds of the excise taxes which may be collected under the act. But it is an appropriation which operates on the fund at the very moment of its collection. The two-thirds so appropriated never reaches the treasury of the state, and never bears the impress of state money."

The next provision of the Constitution which the relator claims is violated is section 6 of article 1, in that it deprives the relator of his liberty to contract and of his property without due process of law, and this claim is based upon section 309 of the act which provides that:

"Any contract or agreement in respect to any mortgage obligation or deed of trust, other than mortgage obligations and deeds of trust executed by corporations, by which the mortgagor shall agree or be bound to pay the tax or any part thereof imposed by this article, shall be usurious and void, and no judgment shall be obtained in any court of this state upon any obligation or mortgage subject to the tax imposed by this article when it shall be made to appear that there has at any time been any agreement that the mortgagor should pay such tax or any part thereof, or that the mortgagor has made any payment in pursuance of any such agreement."

It is not necessary in determining the validity of the tax imposed by the other sections of the act to determine the validity of this provision. It has no relation to the imposition of the tax, but deals with an entirely different subject, namely, the power to contract between individuals as to whether the tax shall be ultimately paid by the mortgagor or mortgagee. I have serious doubts whether this provision was in some aspects within the power of the Legislature, and we do not wish to be understood as expressing an opinion that this section should be upheld as a constitutional exercise of the power of the Legislature as affecting contracts between individuals; but it certainly has no relation to the power of the state to impose a tax, and assuming it to be void, in so far as it attempted to invalidate an agreement between individuals, it is a distinct subject not connected with the imposition of the tax; and the question as to its validity is not presented upon this appeal. The relator also claims that this tax is in violation of section 1 of the fourteenth amendment to the Constitution of the United States, in that it denies to the relator and other holders of mortgages recorded after July 1, 1905, equal protection of the law; and is also in violation of the fourteenth amendment to the Constitution of the United States, in that it deprives the relator and others in the same position of property without due process of law; but we think there is no force in this contention. All persons within the same class, namely, those presenting for record mortgages made after the passage of the act, are taxed. The power of the state to exempt certain property from taxation, and tax other property not exempt, has been recognized from the institution of the government of the state and has never been seriously questioned, a system of taxation, which is uniform in its character, applied equally to all property of a class specified.

It would be quite useless for us to review the cases cited by the learned

counsel for the appellant. Some of the questions involved were presented in the case of People ex rel. Hatch v. Reardon (decided herewith) 97 N. Y. Supp. 535, which related to the constitutionality of the stock transfer tax law, an amendment to the tax law passed at the same session of the Legislature as the act in question, and the decision in that case upholding the constitutionality of that act, substantially disposes of this question.

We think this tax was clearly within the constitutional power of the Legislature, and that the order appealed from should be affirmed, with $50 costs, and disbursements. All concur.