WESTINGHOUSE, CHURCH, KERR & COMPANY, Respondent, *v.* REMINGTON SALT COMPANY, Appellant.

*Westinghouse, Church, Kerr & Co.* v. *Remington Salt Co.*, 116 App. Div. 123, affirmed.

(Argued May 24, 1907; decided June 14, 1907.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 18, 1906, which affirmed an interlocutory judgment entered upon a decision of the court at a Trial Term dismissing that part of defendant's counterclaim which sought a reformation of the contract on which this action was brought.

*Myron N. Tompkins* and *J. H. Jennings* for appellant.

*Franklin Pierce* and *Edward T. Magoffin* for respondent.

*Per Curiam.* The only question certified to this court is stated as follows: " Did the trial court err in holding as a matter of law that defendant failed to prove facts sufficient to entitle it to the reformation of the contract under the evidence presented to the court and contained in the appeal book?" The trial court did not adopt as a matter of

law the conclusion embodied in the certified question, but its conclusion that defendant was not entitled to a reformation of the contract was based upon and warranted by certain findings of fact. It found as matter of fact that the agent of the plaintiff and the officers of the defendant did believe that the description of the coal mentioned in the contract was a correct description of the rice anthracite coal furnished and obtainable in the city of Ithaca. But it further found still as matters of fact that the evidence entirely failed to disclose that the plaintiff intended to guarantee the capacity of the stoker to develop the full rated horse power of the boilers with any coal of any different description than that described in the contract; also that there was no mistake of fact respecting the description of the coal which the plaintiff intended to warrant.

A perusal of the evidence convinces us that it fairly presented an issue of fact decisive, as the latter should be determined one way or the other, of plaintiff's right to recover or not; and while in the course of the trial the learned judge may have dropped remarks indicating an intention to dispose of the issue as one of law, still when he came to the actual determination of the case he considered and disposed of the issues of fact which were involved.

Under these views the question certified presents nothing for our consideration and is not answered.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., O'BRIEN, EDWARD T. BARTLETT, HAIGHT, VANN, HISCOCK and CHASE, JJ., concur.

Judgment affirmed.