(63 Misc. Rep. 132.)

PEOPLE ex rel. McKNIGHT, Dist. Atty., v. UNION BAG & PAPER CO.

(Supreme Court, Trial Term, Saratoga County. April, 1909.)

1. TAXATION (§ 58*)—STATUTORY PROVISIONS—STRICT CONSTRUCTION.

The mortgage tax law (Laws 1905, p. 2059, c. 729; Laws 1906, p. 1447, c. 532; Laws 1907, p. 621, c. 340) is to be construed strictly, and, if there is any doubt whether any liability has been imposed upon mortgagor to pay the tax, it should be resolved in his favor.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 134; Dec. Dig. § 58.*]

2. TAXATION (§ 58*)—MORTGAGE TAX—RETROACTIVE EFFECT.

Mortgage Tax Law (Laws 1905, p. 2064, c. 729) § 296, as amended by Laws 1907, p. 624, c. 340, § 3, so far as it authorizes proceedings to enforce payment of the tax imposed, may be retroactive and valid as to matters of practice; but, as creating a liability against mortgagor in respect to a prior transaction, it is retrospective and invalid and may only be regarded as indicating the Legislature's present intention on the subject.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 134; Dec. Dig. § 58.*]

Action by the People on relation of Horace E. McKnight, District Attorney, against the Union Bag & Paper Company. Demurrer to the complaint sustained.

Horace E. McKnight (Nash Rockwood, of counsel), for plaintiff.
Simpson, Thacher & Bartlett (Alfred B. Thacher, of counsel), for defendant.

SPENCER, J.   This action is brought by the district attorney of Saratoga county in behalf of the state, under the provisions of the mortgage tax law (Laws 1905, p. 2059, c. 729; Laws 1906, p. 1447, c. 532; Laws 1907, p. 621, c. 340), to recover a tax imposed upon certain advances made upon a trust mortgage executed by the defendant and recorded June 29, 1905, in Saratoga county clerk's office, which advances, amounting to $400,000, were made between July 1, 1906, and July 1, 1907. The defendant demurs to the complaint on the ground that the facts alleged do not constitute a cause of action against the defendant and that the amendments to the original act, made in 1906 and 1907, are in violation of certain provisions of the United States Constitution.

As the court has reached the conclusion that, under the present complaint, there is no liability upon the defendant to pay the tax in ques-

tion, it will not be necessary to prolong this opinion on the constitutional questions presented by the respective counsel. The original act (Laws 1905, p. 2059, c. 729) has been before the Court of Appeals and held to be constitutional. People ex rel. Eisman v. Ronner, 185 N. Y. 285, 77 N. E. 1061. The tax imposed by that act was the same in all substantial particulars as the one substituted for it by the act of 1906 and re-enacted by the act of 1907. The changes have to do with the time and manner of payment, but are upon the same class of property. If therefore the statute of 1905 does not violate the Constitution, the latter cannot be regarded as so doing.

The serious question in this case is whether any personal liability has been imposed by the statute upon the defendant to make payment of this tax at any time and upon any contingency. In determining this question, we must remember that the defendant may not be held liable for payment of the tax, unless it be by clear warrant of law. The statute is to be construed strictly, and, if there be any doubt on the subject, it should be resolved in favor of the defendant. Matter of Enston's Will, 113 N. Y. 174, 178, 21 N. E. 87, 3 L. R. A. 464; Matter of Vassar, 127 N. Y. 1, 12, 27 N. E. 394; Matter of Fayerweather, 143 N. Y. 114, 119, 38 N. E. 278; Matter of Harbeck, 161 N. Y. 211, 217, 55 N. E. 850.

Regard must also be had to the indefinite and confused character of this statute and the peculiar difficulties attending its interpretation. The original act is far from clear, and has been made practically unintelligible by the remarkable method of its amendment. Some sections are repealed, others amended, many renumbered, and some restated, and new sections are added; so that, as it now stands, it is a rare specimen of patchwork difficult to comprehend. The Act of 1905, c. 729, did not provide as to the way or manner or from what persons enforced payment of the tax might be made. It provided for the usual method of seizure as in the case of taxes generally. Section 306. But that provision was repealed by section 12, c. 532, Laws 1906. It also provided that each and every agreement by a mortgagor to pay the tax should be regarded as usurious and void. Laws 1905, c. 729, § 309. This court has intimated that such provision is void (People ex rel. Eisman v. Ronner, 110 App. Div. 816, 97 N. Y. Supp. 550), and it has been repealed, but still serves to indicate that the intention of the Legislature was to prevent the imposition of the tax upon the mortgagor. Furthermore, the tax is required to be paid to the recording officer at the time the mortgage is recorded as to all advances made at that time or which were made theretofore. As mortgagees ordinarily cause mortgages to be recorded for their own protection, this provision would seem to indicate that the owner of the mortgage is required to pay the taxes. The act further prohibits the recording of a mortgage by the recording officer prior to the payment of the tax.

The only provision indicating that the mortgagor is under liability to pay the tax is found in section 296, c. 340, Laws 1907, which authorizes the district attorney to bring suit for its collection against the mortgagor in case the tax is not paid. This act went into effect May 13, 1907. The advances in question were made, as alleged in the

complaint, between July 1, 1906, and July 1, 1907. It is impossible for the court to determine whether the advances antedated the act or were made subsequently to the act. The provisions of the act, so far as they authorize proceedings to enforce payment, may be retroactive and valid as to matters of practice; but, as creating a liability against the defendant in respect to a prior transaction, they are retrospective and invalid, and may only be regarded as indicating the present intentions of the Legislature on the subject.

I am of the opinion that the act does not justify an inference that the defendant is personally liable for the tax so as to sustain an action against him for its payment, and that the demurrer should be sustained, with costs; the plaintiff to plead over on the usual terms.

Judgment accordingly.