[2] Both executors became chargeable with six years' interest upon the club bonds. The surviving executor had possession of these bonds. He accounts for interest thereon up to July, 1902, and the club paid interest on the bond issue generally up to July 8, 1908. Thereafter, in the lifetime of the executor now deceased, the bonds were sold to a reorganization committee of the club. The charge of six years' interest is, therefore, necessary, whether the executors received it or with ordinary diligence should have received it.

[3] The items with which the executors are found chargeable must be incorporated in a restatement of the account of the surviving executor, but in the accounting of the executor of the deceased executor the finding and decree in these respects must be confined to such statement and direction as will present the liability of the deceased executor at his death for the sums which would have been chargeable to him if he had accounted in his own person. The account of the executor of the deceased executor so far as it affects the accountant personally must be approved.

Decree should be submitted in each proceeding in accordance with these views.

Decreed accordingly.

(79 Misc. Rep. 655.)

### In re DURFEE'S ESTATE.

(Surrogate's Court, Wayne County. March 7, 1913.) .

1. TAXATION (§ 860*)—TRANSFER TAX LAW—OPERATION.

Laws 1909, c. 62 (Consol. Laws, 1909, c. 60), as amended by Laws 1910, c. 706, and by Laws 1911, c. 732, relating to taxable transfers of property left by decedents, being a special statute, right to impose a tax under it must clearly appear.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1675; Dec. Dig. § 860.*]

2. TAXATION (§ 860*)—SPECIAL TAXES.

The rule is that a special tax will be construed strictly against the government and favorable to the taxpayer.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1675; Dec. Dig. § 860.*]

3. TAXATION (§ 861*)—TRANSFER TAX LAW—CONSTRUCTION.

The words of Laws 1909, c. 62 (Consol. Laws 1909, c. 60), as amended by Laws 1910, c. 706, and by Laws 1911, c. 732, relating to taxable transfers of property left by decedents, are to be construed according to their ordinary legal significance.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1676; Dec. Dig. § 861.*]

4. JOINT TENANCY (§ 3*)—PERSONAL PROPERTY.

While the law does not recognize tenants by the entirety in personal property, it does recognize a joint tenancy in personal property which may be created if the parties so intended, irrespective of whether the tenants be husband and wife.

[Ed. Note.—For other cases, see Joint Tenancy, Cent. Dig. § 1; Dec. Dig. § 3.*]

5. TAXATION (§ 879*)—TRANSFER TAXES—JOINT BANK DEPOSITS.

Joint bank deposits subject to withdrawal by either husband or wife are subject to transfer tax on death of the husband, under Laws 1909,

---

c. 62, § 220, subd. 4 (Consol. Laws 1909, c. 60), as amended by Laws 1910, c. 706, and Laws 1911, c. 732, as a transfer intended to take effect at the death of the donor, so far as concerns the part of the deposits which belonged to decedent, and which passed to the wife at his death.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

Proceeding for a supplementary appraisal of the estate of Burton S. Durfee, deceased, under the acts relating to taxable transfers of property. From a determination the executrix appeals. Affirmed.

Durfee & Lines, of Palmyra, for executrix.
Frederick E. Converse, of Palmyra, for State Comptroller.

KNAPP, S. Burton S. Durfee died on or about the 2d day of October, 1911 in the town of Macedon, this county, leaving a last will and testament which was admitted to probate by the Surrogate of this county on the 11th day of December, 1911, and letters testamentary were issued to Elizabeth J. Durfee, the executrix named therein, on the 15th day of January, 1912. A petition was filed in the Surrogate's office, asking for the appointment of an appraiser under the acts in relation to the taxable transfers of property. Thereafter, and on the 22d day of April, 1912, a further petition was presented by the executrix, asking for the appointment of an appraiser, and for a supplementary appraisal, on the ground that certain property belonging to the estate had been inadvertently omitted upon the appraisal theretofore had. The supplementary report of the appraiser, who is the county treasurer of this county, shows that the decedent had a deposit in the Mechanics' Savings Bank of Rochester, New York, running as follows: "Mechanics' Savings Bank to Burton S. Durfee, Dr." The first entry is October 3, 1896, as of July 1, 1896. On December 1, 1898, the heading was changed by the addition of the words, "Elizabeth J. Durfee may draw." At the time of the death of the testator, the balance in said bank amounted to the sum of $655.15.

The testator also had an account with the National Bank of Commerce of Rochester, headed: "B. S. and E. J. Durfee. Either survivor may draw." There was a balance in said bank at the time of the death of the testator amounting to the sum of $1,087.77.

The testator also had an account in the Rochester Savings Bank headed, "Elizabeth J. Durfee and Burton S. Durfee," and there was at the time of the death of the testator a balance in this bank, amounting to the sum of $1,178.18.

It appeared, from the testimony taken before the appraiser, that the money deposited in the National Bank of Commerce of Rochester, and in the Rochester Savings Bank, was money belonging partly to the decedent and partly to Elizabeth J. Durfee, and that one-half of each deposit belonged to the decedent, and one-half belonged to Elizabeth J. Durfee.

The appraiser has appraised for the purposes of the transfer tax, one-half of the balance in the National Bank of Commerce, and in the Rochester Savings Bank, amounting to the sum of $1,132.98, and

the full amount in the Mechanics' Savings Bank, amounting to the sum of $665.15, amounting in all to the sum of $1,788.33. From the determination made thereon, an appeal has been taken to me, and the question here for determination is as to whether or not the joint deposits in the banks in the name of husband and wife are taxable, upon the death of the husband.

[1] The law relating to taxable transfers, as applicable to this estate, is found in chapter 62 of the Laws of 1909, entitled "An act in relation to taxable transfers, constituting chapter 60 of the Consolidated Laws, as amended by chapter 706 of the Laws of 1910, as further amended by chapter 732 of the Laws of 1911.

This statute is not a general statute for the purposes of taxation, but is a special statute, relating to the taxable transfers of property left by decedents. The right to impose this tax must rest upon evidence sufficiently probative in force to bring it within the statute and must establish a case in which the law clearly realizes its imposition. Matter of Enston, 113 N. Y. 174, 21 N. E. 87, 3 L. R. A. 464; Matter of Miller, 77 App. Div. 473, 78 N. Y. Supp. 930; Matter of Thorne, 44 App. Div. 8, 60 N. Y. Supp. 419.

[2] The rule is that a special tax will be construed strictly against the government and favorable to the taxpayer, and that a citizen cannot be subjected to the special burden without clear warrant of law. Matter of Miller, 77 App. Div. 473, 78 N. Y. Supp. 930; Matter of Vassar, 127 N. Y. 1, 27 N. E. 394; People v. Union Bag & Paper Co., 63 Misc. Rep. 132, 118 N. Y. Supp. 456; Matter of Fayerweather, 143 N. Y. 114, 38 N. E. 278; In re Wolfe's Estate, 89 App. Div. 349, 85 N. Y. Supp. 949; Matter of Stewart, 131 N. Y. 274, 30 N. E. 184, 14 L. R. A. 836; Matter of Swift, 137 N. Y. 77, 32 N. E. 1096, 18 L. R. A. 709; Matter of Harbeck, 161 N. Y. 211, 55 N. E. 850.

The tax has been quite universally held to be one upon the transfer or succession, and not upon property or the estate of the deceased. In re Wolfe's Estate, 89 App. Div. 349, 85 N. Y. Supp. 949; Matter of Hoffman's Estate, 143 N. Y. 327, 38 N. E. 311; Matter of Baker, 83 App. Div. 530, 82 N. Y. Supp. 390; Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St Rep. 508; Magoun v. Ill. Trust & Savings Bank, 170 U. S. 283, 18 Sup. Ct. 594, 42 L. Ed. 1037; Matter of Cornell, 66 App. Div. 162, 73 N. Y. Supp. 32; Matter of Rogers, 71 App. Div. 461, 75 N. Y. Supp. 835; Matter of Miller, 77 App. Div. 473, 78 N. Y. Supp. 930.

[3] The words of the statute are to be used in their ordinary legal significance. Matter of Gould, 156 N. Y. 423, 51 N. E. 287.

[4, 5] It may be noted that a careful examination of the statute does not show any express provision regarding the taxation of joint deposits in banks. The law has recognized for many years a tenancy by the entirety, as between husband and wife as to transfers of real estate held in their joint names as such and the right of survivorship exists to the survivor. The leading case upon that subject in this state is Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361, and the following cases sustain that proposition: Matter of Albrecht, 136 N.

Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700; Brown v. Brown, 79 Hun, 44, 29 N. Y. Supp. 652; Toole v. Board of Supervisors, 13 App. Div. 472, 37 N. Y. Supp. 9, 43 N. Y. Supp. 1160; Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762; Zorntlein v. Bram, 100 N. Y. 13, 2 N. E. 388.

The reason for this rule was that the common-law rule provided that, when land was conveyed to husband and wife, they did not take as tenants in common, or as joint tenants, but each became seised of the entirety, and that, upon the death of either, the whole survived to the other, and that rule has not been changed by the acts enlarging the rights of married women.

While the law does not recognize tenants by the entirety in personal property (Matter of Albrecht, 136 N. Y. 91, 32 N. E. 632, 18 L. R. A. 329, 32 Am. St. Rep. 700), it still does recognize a joint tenancy in personal property which may be created if the parties so intended, irrespective of whether the tenants be husband and wife, and in such a case the right of the survivor does exist. Matter of Kaupper, 141 App. Div. 54, 125 N. Y. Supp. 878; West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493.

In the case of Augsbury v. Shurtliff, 180 N. Y. 138, 72 N. E. 927, Judge Vann, writing, says:

"That a contract by each of two owners of a fund as tenants in common transfers his interest therein to the other, if he survive him, is supported by a good consideration, and I see no reason why the intention of the parties should not be enforced by the courts. * * * While such an agreement cannot be performed until after the death of one of the parties, it is complete and irrevocable, for neither can withdraw therefrom without the consent of the other. It is not testamentary in character because it is founded on a valuable consideration and is not subject to revocation. It is as absolute as a deed which is to take effect so as to pass the title at the death of the grantor."

It may be said in regard to the case above cited that the joint contract between the two parties interested in the bank account had been signed to be delivered to the bank, and the question at issue was as to whether or not this contract had been presented to the bank before the death of one of the parties. In the case at bar the evidence does not show how or under what circumstances the changing of the bank books in the bank was made, or by whose direction.

In the case of Kelly v. Beers, 194 N. Y. 49, 86 N. E. 980, 128 Am. St. Rep. 543, Judge Hiscock, in writing the opinion of the court in regard to the bank accounts standing in the name of the two survivors, either of which might draw, says:

"It has been held, however, in various decisions, that the mere form of the account in such a case as this will not be regarded as sufficiently establishing the intention of the person making it to create a trust in behalf of another or to give to such another a joint interest in or ownership of the deposits."

In other words, that the mere fact of an account standing in the names of two parties, with the right to each to draw, does not, in and of itself, show such an intention to make a gift as will permit the survivor to take the fund without some proof as to the circumstances connected with the making of the deposits, or otherwise.

The same doctrine was held in the case of Bolin, 136 N. Y. 177, 32

N. E. 626. In that case the decedent had deposited a certain amount of money in a bank in her own name. Subsequently she redeposited this money in an account entitled, "Julia Cody, or daughter, Bridget Bolin." Upon the death of Mrs. Cody the question arose as to whether Bridget Bolin was entitled to this fund by right of survivorship. Bridget Bolin was her daughter. Judge Gray, in writing the opinion of the court, says:

"There were no words of gift, and the receipt and holding of the passbook were consistent with the mere custody or agency. The law never presumes a gift. To constitute a valid gift, there must have been an intent to give and the delivery of the thing. The evidence must show that the donor intended to divest herself of the possession of her property, and it should be inconsistent with any other intention or purpose."

A different rule seems to apply, however, as between husband and wife, and a full examination of the authorities will be found in the opinion of Judge Miller in the case of West v. McCullough, 123 App. Div. 846, 108 N. Y. Supp. 493, which case was affirmed in 194 N. Y. 518, 87 N. E. 1130. See, also, McElroy v. Albany Savings Bank, 8 App. Div. 46, 40 N. Y. Supp. 422; Moore v. Fingar, 131 App. Div. 399, 115 N. Y. Supp. 1035; Sanford v. Sanford, 45 N. Y. on page 723; Matter of Meehan, 59 App. Div. 156, 69 N. Y. Supp. 9; Borst v. Spelman, 4 N. Y. 284; Fowler v. Butterly, 78 N. Y. 68, 34 Am. Rep. 507; In re Eysel Estate, 65 Misc. Rep. 432, 121 N. Y. Supp. 1095; In re Rapelje Estate, 66 Misc. Rep. 414, 123 N. Y. Supp. 287.

The evidence presented to the appraiser does not show a gift causa mortis, nor does it show a completed gift, inter vivos, within the rule laid down in Beaver v. Beaver, 117 N. Y. 421, 22 N. E. 940, 6 L. R. A. 403, 15 Am. St. Rep. 531.

Whatever this transaction may be called, whether it was an uncompleted gift in the nature of a trust, or a joint tenancy, the fact still stands out that it was the evident intent and purpose of both the husband and his wife, and it appears by the testimony, that the accounts in these savings banks should be for the common use of both—he put his money in the accounts, and she put in hers. Either party could have destroyed the condition at any time by drawing out the whole fund or any part of it. It is also evident that it was the intention of this husband and wife that, upon the death of one, the survivor without legal formalities should come into immediate absolute and sole possession of what remained. During their joint lives, neither one had sole and absolute possession of these funds; they had the right to reduce to possession, and that only. The possession was joint. The right to reduce was several. It was revocable. It became irrevocable at the death of one, and the right to reduce to possession in the life time of both resolved into the absolute and sole possession of the balance remaining at the death of one. Prior to the time of the death of either, it might be subject to the rights of the creditors. Beakes Dairy Co. v. Berns, 128 App. Div. 137, 112 N. Y. Supp. 529.

Having in mind the limitations upon the enforcement of this statute, which I have discussed, still it seems to me the plain meaning and import of subdivision 4 of section 220 of the law relating to taxable

transfers, as amended by chapter 732, § 1, of the laws of 1911, was intended to and does include exactly such a situation as is here presented. That subdivision reads as follows:

"When the transfer is of intangible property, or of tangible property within the state made by a resident, or of tangible property within the state made by a nonresident, by deed, grant, bargain, sale or gift, made in contemplation of the death of the grantor, vendor or donor or intended to take effect in possession or enjoyment at or after such death."

It seems to me that so much of these deposits as was the property of the decedent became transferable at his death as a gift to his wife intended to take effect in possession or enjoyment at or after his death. If I am right in that conclusion, then the share to which the decedent was entitled of these moneys at his death was taxable.

The determination appealed from must be affirmed, and an order to that effect may be entered.