DINAH PETCHANUK, Plaintiff, *v.* LILA MOHLSICK et al., Defendants.

Supreme Court, Special Term, Kings County, June 10, 1954.

*Alvin R. Cowan* and *March H. Cowan* for plaintiff.

*Joseph Fuchs* for Lila Mohlsick and another, defendants.

JOHN B. JOHNSTON, Official Referee. On May 24, 1951, defendant Emma Glick contracted in writing to sell to Oscar S. Petchanuk premises known as 2878 West 33rd Street, Brooklyn, New York. Title was to close on June 21, 1951. On June 18, 1951, Oscar's attorney wrote the seller's attorney that Oscar had requested the conveyance be to him and his wife, Dinah, as tenants by the entirety. As agreed, the closing took place on June 21, 1951. Pursuant to Oscar's request, the deed named Oscar S. Petchanuk and Dinah Petchanuk, his wife, as grantees.

A deed in this form creates a tenancy by the entirety, if the grantees are in fact husband and wife. (*Bertles* v. *Nunan,* 92 N. Y. 152; *Brown* v. *Brown,* 79 Hun 44, affd. 150 N. Y. 574.) At the closing, Oscar's attorney explained to Oscar and Dinah that the result of the deed as drawn was that the survivor would take the entire property and Oscar stated that was the way he wanted it.

Although it is conceded that Oscar and Dinah never were married, they lived together as man and wife from August, 1940, to August 2, 1952, when Oscar died intestate. At the time of the closing neither the attorney for the seller nor the attorney for Oscar knew that Oscar and Dinah were not husband and wife.

On October 31, 1952, Dinah commenced an action against Oscar's two daughters — the only issue of a marriage which about twenty-five years ago had been terminated by divorce — for a judgment declaring that the deed of June 21, 1951, created a joint tenancy in Oscar and Dinah in the premises and on Oscar's death title vested in Dinah. Oscar's two daughters counterclaimed for a judgment declaring that they had a one-half interest in the premises which vested in them on their father's death. In that action plaintiff moved for summary judgment and defendants made a cross motion for similar relief. Mr. Justice HART denied plaintiff's motion and granted defendants' motion, and on December 10, 1953, judgment was entered in favor of Oscar's daughters on their counterclaim on the ground that, where a conveyance is made to a man and woman described as husband and wife, and they are not in fact husband and wife, a tenancy in common results. (*Petchanuk* v. *Mohlsick,* 123 N. Y. S. 2d 382, citing *Perrin* v. *Harrington,* 146 App. Div. 292, and *Bambauer* v. *Schleider,* 176 App. Div. 562.)

Thereafter Dinah instituted this action against Oscar's daughters and Emma Glick (the grantor in the deed of June 21, 1951) to have the deed reformed to recite the grantees in the deed are '' Oscar S. Petchanuk and Dinah Petchanuk or the survivor of them ''. In other words, plaintiff asks for reformation so that the deed will create a joint tenancy instead of a tenancy in common, as held by Mr. Justice HART. Reformation is sought on the grounds that (1) the parties intended to create in the grantees a right of survivorship; the fact that the grantees were not husband and wife was not known to the scrivener, who had been directed to draft the deed in such manner as to create a right of survivorship in the grantees; (2) it was the intention of Oscar and defendant Emma Glick, the grantor, that the deed

should create the right of survivorship in the grantees and the deed was drawn through " the mutual mistake of the parties ".

Defendant Emma Glick was served with process in this action but did not appear. Oscar's two daughters interposed an answer consisting of a general denial and an affirmative defense that the judgment of December 10, 1953, in the prior action was *res judicata*. On the motion of defendants for summary judgment, Mr. Justice McDONALD held that the prior judgment was not *res judicata* because a judgment denying recovery in an action on an agreement in writing is not a bar to an action to reform such agreement and to enforce it as reformed. (Civ. Prac. Act, § 112-d; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304.)

In this case the oral agreement that Oscar and Dinah have the right of survivorship was made between the grantees alone, and it relates only to the interests which they, respectively, intended to take in the land. It was a matter about which the grantor necessarily was indifferent.

It will be noted that the complaint asks for reformation on two theories: (1) that there was no mistake as to the agreement, but that the mistake was that of the scrivener in reducing the agreement to writing so that the deed of June 21, 1951, did not express the agreement actually made; (2) that there was a mutual mistake in the agreement itself. Where the mistake is that of the scrivener and reformation is sought solely of the writing, it is not necessary to prove a mutual mistake in reducing the agreement to writing; reformation may be had if the writing does not express the agreement actually made. It is only where the action is to reform the agreement itself that it is required that it should be alleged in the pleading and proved on the trial that the mistake was mutual. (*Born* v. *Schrenkeisen*, 110 N. Y. 55, 59.)

In my opinion, plaintiff is not entitled to prevail on either theory.

Reformation for mistake of the scrivener has been granted (a) to change to a tenancy in common a deed which in form was to grantees as tenants by the entirety where the agreement between the grantees was that they should each take an undivided half of the premises as tenants in common (*Brown* v. *Brown*, 79 Hun 44, affd. 150 N. Y. 574, *supra*); (b) to change to a joint tenancy a deed which created a tenancy by the entirety where the agreement between the grantees was that they were to take equal shares and have equal rights (*Franz* v. *Franz*, 308 Mass. 262);

(c) to change to tenancy by the entirety a deed which created a tenancy in common, where the agreement between the grantees was that the deed should run to them as husband and wife, and in the event of the death of either, the survivor should become the sole owner (*Lensky* v. *Szynkowski,* 213 App. Div. 851, opinion below in 209 N. Y. S. 394). In *Scott* v. *Grow* (301 Mich. 226), a complaint was held sufficient which sought reformation to change to a joint tenancy a deed to grantees as tenants by the entirety, when the fact was that the parties were divorced the day before the execution of the deed, and the deed as drawn did not carry out and effectuate the intention and purpose of the parties.

However, in the case at bar, it may not be said that the mistake was that of the scrivener because the attorney for the grantor who drew the deed complied in all respects with the request of Oscar and his attorney, as expressed in the letter of June 18, 1951.

In my opinion, relief may not be granted to plaintiff on the ground of mutual mistake of Oscar and Dinah for several reasons. A mistake as to an existing situation, which leads either one or both parties to enter into a contract which they would not have entered into had they been apprised of the facts, will not justify reformation. It is not what the parties would have intended if they had known better, but what they did intend at the time, informed as they were. (*Russell* v. *Shell Petroleum Corp.,* 66 F. 2d 864, 867; 5 Williston on Contracts [rev. ed.], § 1549, p. 4345.) The alleged mistake in the written agreement is not that the instrument does not express the terms of the contract precisely as the parties directed it to be written, but that there was a mistake in a fact extrinsic to the agreement (to wit, that Oscar and Dinah were husband and wife), but for which mistake the contract would have been different. This does not justify reformation. (*De Voin* v. *De Voin,* 76 Wis. 66, 70; *Westinghouse, Church, Kerr & Co.* v. *Remington Salt Co.,* 116 App. Div. 123, affd. 189 N. Y. 515.) Furthermore, before reformation may be granted, plaintiff must establish her right to such relief by clear and convincing evidence. Reformation may not be granted upon a possibility, but only upon a certainty of error. (*Amend* v. *Hurley,* 293 N. Y. 587, 595.) The oral agreement between Oscar and Dinah at the closing that, if one of them die before the other, the one who survived should take the property in fee in its entirety, was not sufficient to create a joint tenancy; such an agreement involves speculation and conjecture as to what the grantees would have agreed on if they

knew they were not husband and wife, or had disclosed the facts concerning their relationship, and would have been advised of the various types of tenancies that could have been created. (*Bambauer* v. *Schleider,* 176 App. Div. 562, 564, *supra.*) The foregoing is the decision of the court pursuant to section 440 of the Civil Practice Act.

The complaint is dismissed, without costs.