In re PEARSALL'S ESTATE.

(Surrogate's Court, New York County. February 1, 1912.)

1. TAXATION (§ 893*)—TRANSFER TAX—PROCEEDINGS TO ASSESS—RIGHT TO IN-STITUTE.

Under Tax Law (Consol. Laws, c. 60) § 231, prescribing the surrogate's duties in the assessment of estates, the surrogate may, on motion of the state comptroller, who by section 230 is made an interested party, assess a tax upon the transfer of a remainder interest to the respective legatees under the will; section 235 making it the state comptroller's duty to notify the district attorney of the failure of parties liable to taxes to pay same, applying only to proceedings to compel payment of the tax and not to proceedings for the assessment of the same.

[Ed. Note.—For other cases, see Taxation, Dec. Dig. § 893.*]

2. TAXATION (§ 887*)—TRANSFER TAX—INTEREST TAXABLE—REMAINDER.

A remainder was taxable on the death of a life tenant where it then became known in whom it vested.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1709; Dec. Dig. § 887.*]

Motion by state comptroller to have a tax assessed on the remainder of the life estate of Frances Pearsall Field in the residuary estate of Phebe Pearsall, deceased. Decision for comptroller.

See, also, 149 N. Y. Supp. 36.

Henry L. Bogert, of New York City, for petitioner.

Thos. E. Rush, of New York City (Joseph F. McCloy, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is a motion by the state comptroller to have the surrogate assess a tax upon the remainder after the life estate of Frances Pearsall Field in the residuary estate of the decedent. Under the provisions of decedent's will this residuary estate was to be held in trust for the benefit of Frances Pearsall Field during her life, and upon her death the trustees were directed to divide it among her issue then surviving. The value of this life estate was ascertained by the appraiser who was designated to appraise the estate for the purpose of the transfer tax; but as the statute in existence at the date of decedent's death provided that future or contingent estates should not be taxed until they vested in possession, he did not ascertain the value of the remainder after the life estate of Frances Pearsall Field, and the order entered upon his report did not assess a tax upon this remainder. It is alleged in the moving papers that Frances Pearsall Field died on the 21st day of July, 1907, leaving her surviving four children and the child of one of her children who predeceased her. These children, therefore, became entitled to the possession of the remainder on the 21st day of July, 1907, and the tax upon their respective interests accrued upon that date.

[1] The attorney for the executor contends that the district attorney, and not the state comptroller, is the proper party to commence this proceeding, and he asks that the surrogate pass upon this preliminary objection before going into the merits of the application to

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

assess the tax. This is an application to assess a tax, and not a motion to compel the payment of a tax. The distinction is material, because while sections 230 and 231 of the Tax Law prescribe how the value of estates shall be ascertained, and the tax assessed thereon, section 235, prescribes the method of procedure to be adopted for the purpose of enforcing payment of the tax. Section 230 provides that the surrogate may, upon his own motion or upon the application of any interested person, designate one of the appraisers appointed by the state comptroller to appraise the property of decedents whose estates may be subject to the payment of any transfer tax, while section 231 provides that:

"From such report of appraisal * * * the surrogate shall forthwith determine the cash value of all estates and the amount of tax to which the same are liable; or the surrogate may so determine the cash value of all such estates and the amount of tax to which they are liable without appointing an appraiser."

There is nothing in these sections which limits the time within which the surrogate may designate an appraiser or assess a tax upon the appraiser's report, or assess such tax upon his own motion without the appointment of an appraiser. The appraiser's report in the estate of Phebe Pearsall having been duly filed in this court, the surrogate could, by virtue of the authority conferred upon him by section 231, of his own motion assess a tax upon the transfer of the remainder interests to the legatees who became entitled to such interest upon the death of the life tenant. If he could make such assessment upon his own motion, there does not appear to be any valid reason why he could not make it upon the motion of any interested party. For the purpose of appraising estates and assessing a tax under the provisions of the Transfer Tax Law the state comptroller is made an interested party (section 230 of the Tax Law); therefore the surrogate may, upon the motion of the state comptroller as a party in interest, assess a tax upon the transfer of the remainder interest to the respective legatees under the will of the decedent. Section 235 of the Tax Law makes it the duty of the state comptroller to notify the district attorney of the refusal or neglect of parties liable to taxation to make such payment, provided that 18 months have elapsed since the accrual of the tax. It further provides that the district attorney shall apply to the surrogate for a citation directed to such parties to show cause why the tax should not be paid. To construe this section to mean that in all estates where the tax had not been paid within 18 months after the death of the decedent an appraiser could not be appointed by the surrogate upon the motion of an interested party or the tax assessed by the surrogate upon his own motion, and that the only method that could be pursued to ascertain the value of taxable interests or determine the tax upon said interests is by the state comptroller notifying the district attorney and the latter applying to the surrogate for a citation, would necessarily result in limiting the jurisdiction given to the surrogate by sections 230 and 231 to a period of 18 months after the death of the decedent or the accrual of the tax. But there is nothing in the language of this section to indicate that the Legislature intended any such restriction or limitation. The procedure prescribed by section 235 is essentially one

to compel the payment of the tax; but before a decree of the Surrogate's Court can be entered directing payment, or before contempt proceedings can be instituted to compel payment, it must be made to appear to the satisfaction of the surrogate that there is a tax due, and that certain persons are liable for its payment. This can only be shown by the order of the surrogate determining the taxable value of the interests of the legatees or beneficiaries and assessing a tax thereon. Therefore, as the entry of an order assessing a tax is a condition precedent to the granting of a decree directing payment of such tax, the method of procedure prescribed by section 235 to compel payment of the tax cannot limit the jurisdiction granted to the surrogate by sections 230 and 231 to appraise the estates of decedents for the purpose of taxation and to assess a tax thereon in accordance with the provisions of the act.

[2] As the petition submitted by the state comptroller upon this motion shows that the life tenant died on the 21st day of July, 1907, and that it then became known in whom the remainder after her life estate vested, the surrogate may, upon the motion of the state comptroller, determine the value of that remainder interest and assess a tax upon the transfer of that interest to the legatees in whom it vested in accordance with the provisions of decedent's will.