In the Matter of the Transfer Tax upon the Estate of David Dows, Senior, Deceased.

Alexander E. Orr et al., as Executors and Trustees under the Will of David Dows, Senior, Deceased, et al., Appellants ; The Comptroller of the State of New York et al., Respondents.

1. Transfer Tax — When Tax Is on Succession, not on Property. The tax imposed by the Transfer Tax Act (L.1896, ch. 908, amd. L. 1897, ch. 284), upon transfers made under power of appointment, is a tax on the right of succession and not on the property, and, therefore, does not relieve from taxation thereunder trust funds as to which a power of appointment is exercised, because invested in corporations liable to taxation on their own capital and in bonds exempt from taxation.

2. Power of Appointment — Time of Exercise — Form of Property. Transfers under a power of appointment given the beneficiary by a will creating a trust in real estate are subject to a transfer tax, under the provision of such act as amended for a tax on transfers made under a power of appointment, where at the time of the exercise of the power, subsequent to the enactment of such statute, the property was in the form of personalty, having been converted thereto by the trustees under a power of sale in the will, although at the time of the death of the original testator it was not, as real estate, subject to any such tax.

3. Remainders. Remainders created in a trust fund by the exercise of a power of appointment by the beneficiary under the will creating the trust are subject to taxation at the time of the transfer under such act where they are absolute and not subject to be divested or to fail in any contingency whatever, and their present value is determinable by aid of the table of annuities, and they do not come within the exception of section 222, providing that an interest limited, conditioned, dependent or determinable upon the happening of a contingency or future event by reason of which its market value cannot be ascertained at the time of the transfer shall be taxable when the person beneficially entitled thereto shall come into actual possession or enjoyment thereof.

*Matter of Dows*, 60 App. Div. 630, affirmed.

(Argued April 16, 1901; decided May 17, 1901.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered March 28, 1901, affirming an order of the surrogate of the county of New York imposing a transfer tax on a portion of the estate of David Dows, Senior.

The facts, so far as material, are stated in the opinion.

*Horace E. Deming* and *Julius Henry Cohen* for appellants.
The transfer of the remainders to David Dows, 3d, Robert
Dows and Kenneth Dows cannot be taxed until the remainder-
men come into actual possession and enjoyment of the prop-
erty. (*Estate of Howell*, N. Y. L. J., April 2, 1901, p. 25;
*Matter of Hoffman*, 143 N. Y. 327; *Matter of Curtis*, 142
N. Y. 222; *Matter of Enston*, 113 N. Y. 174; *Matter of
Vassar*, 127 N. Y. 1; *Matter of Roosevelt*, 143 N. Y. 120.)
All the property covered by the 6th paragraph and a large
part of the property covered by the 8th paragraph of the will
of David Dows, Senior, was real estate at the time of his
death and its transfer from him is not taxable under the Trans-
fer Tax Law. (*Hillen* v. *Iselin*, 144 N. Y. 365; *Hume* v.
*Randall*, 141 N. Y. 499; *Genet* v. *Hunt*, 113 N. Y. 158;
*Matter of Harbeck*, 161 N. Y. 211; *Campbell* v. *Stokes*, 142
N. Y. 23; *Matter of Seaman*, 147 N. Y. 69; *Matter of See-
beck*, 140 N. Y. 241; *Bowditch* v. *Ayrault*, 138 N. Y. 222;
*Matter of Tienken*, 131 N. Y. 391; 1 R. S. 723, § 13; *Com-
monwealth* v. *Williams*, 113 Penn. St. 29.) The tax under
subdivision 5 (the power of appointment provision added in
1897) of section 220 of the Tax Law is a tax not upon trans-
fer of property but upon property. Certain stocks and bonds
are, therefore, not taxable in this proceeding. (*Matter of
Swift*, 137 N. Y. 83.)

*Jabish Holmes, Jr.*, and *Joseph W. Middlebrook* for
respondents. Chapter 284 of the Laws of 1897, imposing a
tax upon a succession created by the exercise of a power of
appointment, is constitutional. (*Matter of Vanderbilt*, 163
N. Y. 597; 50 App. Div. 246.) Non-taxable securities can
be appraised in determining the value of the succession created
by the exercise of the power. (*Plummer* v. *Coler*, 178 U. S.
115; *Matter of Plummer*, 161 N. Y. 631; *Murdock* v. *Ward*,
178 U. S. 139; *Matter of Sherman*, 153 N. Y. 1; *Matter of
Harbeck*, 161 N. Y. 218; *Matter of Swift*, 137 N. Y. 77;
*Matter of Hoffman*, 143 N. Y. 329; *Matter of Bronson*,
150 N. Y. 6.) The trust funds being personal property when

they vested in the children of David Dows, Jr., in 1899, by their father's exercise of the power of appointment, that succession is taxable, even if the trust funds were real estate when David Dows, Sr., died in 1890. (*Matter of Sutton*, 3 App. Div. 208; 149 N. Y. 618; *Matter of Swift*, 137 N. Y. 77; *Matter of Bartow*, 30 Misc. Rep. 27.)

CULLEN, J.   David Dows, Sr., died March 30th, 1880, leaving as a part of his estate a valuable piece of real property, which he devised to his trustees in trust to pay the income to his son David Dows, Jr., during life, " And upon the death of my said son the said property, with all accumulations of interest, income and profits shall vest absolutely, and at once, in such of his children him surviving, and the issue of his deceased children as he may by his last will and testament designate and appoint, and in such manner, and upon such terms as he may legally impose.  But in case my said son, David Dows, Jr., die intestate, then said property, with all accumulations of interest, income and profits shall vest absolutely and at once in his children him surviving, share and share alike, and the issue of his deceased children (such issue to take share and share alike the portion which the parent would have received if living) to be paid to them at the times and in the proportion following, to wit."   A similar devise was made of a share of the testator's residuary estate.   The will gave the trustees a power of sale over the real property, which was exercised during the life of David Dows, Jr., and a large portion of the proceeds invested in the stocks of corporations.   David Dows, Jr., died January 13th, 1899, leaving a last will and testament, by which he exercised the power of appointment given him by the will of his father, in favor of his three sons.   By his will he gave to each of his sons the income of three undivided forty-eighths till his son Robert attained the age of twenty-one years or sooner died, of four forty-eighths until Robert attained twenty-five years or sooner died, and nine forty-eighths until Robert attained thirty years or sooner died.   Thus each son was given the income of

sixteen forty-eighths or one-third of the property. At the termination of these life estates the principal was given to another son. That is to say, to B was given the principal of the share, the income of which A had been receiving ; to C the principal of what had been B's share, and to A the principal of C's share. In result each son receives one-third of the property absolutely, for the will provides "that each interest for life or remainder shall vest absolutely and at once upon my death, in legal and not equitable ownership, and without contingency." But each son instead of being given the remainder in his own share after Robert arrives at the age of thirty years is given the remainder in another son's share, though the shares are exactly equal. The learned surrogate imposed a tax on the property passing under this power of appointment both on the life estates and on the remainders. His order was affirmed by the Appellate Division and an appeal has been taken to this court.

The first objection raised to the order of the Surrogate's Court is that the tax imposed under the amendment of April 16th, '97 (Chap. 284), to the Taxable Transfer Act of 1896, upon transfers made under a power of appointment, is a tax on property and not on the right of succession, and that, therefore, so much of the fund as was invested in incorporated companies liable to taxation on their own capital and in certain bonds of the state of New York and bonds of the city of New York exempt from taxation by statute, was not subject to the tax. On this question we are concluded by the previous decisions of this court (*Matter of Vanderbilt,* 163 N. Y. 597; affirmed on opinion of Justice PATTERSON below in 50 App. Div. at p. 246 ; same case decided without opinion, 166 N. Y. 640), and little need be now said thereon. The theory on which taxation on the devolution of estates at the death of their owners is based and its validity upheld even in cases where the state seeks to reach United States securities is clearly established, not only by our own decisions (*Matter of Swift,* 137 N. Y. 77 ; *Matter of Sherman,* 153 N. Y. 1), but by those of the Supreme Court of the United States. (*Magoun*

v. *Illinois Trust & Sav. Bank*, 170 U. S. 283; *Plummer* v.
*Coler*, 178 U. S. 115; *Murdock* v. *Ward*, 178 U. S. 139.) In
*Magoun* v. *Trust Company* it is said of such taxes: " They are
based on two principles : 1. An inheritance tax is not one on
property, but one on the succession. 2. The right to take prop-
erty by devise or descent is the creature of the law, and not a
natural right — a privilege, and, therefore, the authority
which confers it may impose conditions upon it. From these
principles it is deduced that the states may tax the privilege,
discriminate between relatives and between these and strangers,
and grant exemptions, and are not precluded from this power
by the provisions of the respective state constitutions requir-
ing uniformity and equality of taxation." The same doctrine
was again asserted in *Knowlton* v. *Moore* (178 U. S. 41). It
is insisted, however, that the title of the present owners is
deduced from the will of David Dows, Sr., and not from that
of his son David Dows, Jr., and in support of this claim are
cited the cases of *Genet* v. *Hunt* (113 N. Y. 158) and *Matter
of Harbeck* (161 N. Y. 211). The proposition is doubtless
true to a certain extent. For the purpose of determining
whether the execution of a power is in contravention of the
Statute of Perpetuities, the estate created under such power
must be referred back to the instrument granting the power.
This is settled law and was so held in *Genet* v. *Hunt* (*supra*).
Any other rule would permit the evasion of the statute against
perpetuities by the grant of powers. The decision in *Matter
of Harbeck* (*supra*) proceeded on the ground that at the time
of the exercise of the power of appointment in that case the
legislature had not provided for the taxation of transfers
under such powers. But whatever be the technical source of
title of a grantee under a power of appointment, it cannot be
denied that in reality and substance it is the execution of the
power that gives to the grantee the property passing under it.
The will of Dows, Sr., gave his son a power of appointment
to be exercised only in a particular manner, to wit, by last will
and testament. If, as said by the Supreme Court of the United
States, the right to take property by devise is not an inherent or

natural right, but a privilege accorded by the state which it may tax or charge for, it follows that the right of a testator to make a will or testamentary instrument is equally a privilege and equally subject to the taxing power of the state. When David Dows, Sr., devised this property to the appointees under the will of his son, he necessarily subjected it to the charge that the state might impose on the privilege accorded to the son of making a will. That charge is the same in character as if it had been laid on the inheritance of the estate of the son himself, that is, for the privilege of succeeding to property under a will. Had the fund passed in default of an exercise of the power of appointment a very different proposition would be presented. We express no opinion on the question whether, under such circumstances, the tax imposed by the amendment of 1897 could be deemed other than a tax on the property itself.

The second objection urged against the order appealed from is, that at the death of David Dows, Sr., the property was real estate on which there was at that time no transfer tax as against lineal descendants of the testator. In *Matter of Sutton* (3 App. Div. 208; affirmed by this court on opinion below, 149 N. Y. 618) the will directed an equitable conversion of the realty into personalty. It was held that the actual form in which the property existed at the time of the testator's death determined its liability to a transfer tax, and that being real estate, it was exempt. The same rule governs the present case. At the time of the execution of the power of appointment under the will of David Dows, Sr., the property was personal. As we have held that it is the execution of that power which subjects grantees under it to the transfer tax, it follows that the condition or form of the property at the time of such execution must control.

The third objection is, that the legatees or devisees of the remainders are not subject to taxation until the precedent estates terminate and the remainders vest in possession. Practically each son of David Dows, Jr., is bequeathed one-third of the fund absolutely, with the time of enjoyment in possession postponed. What motive dictated the curious

shifting of remainders found in the will of David Dows, Jr., we do not know, nor is it necessary that we speculate thereon. We shall treat these remainders as they are given in the will, that is, each at the termination of a life estate in another party. Still, under the statute, it is plain that they are presently taxable. Subdivision 4, section 220 of the Tax Act (amended by chap. 284, Laws of '97) directs that the tax shall be imposed "when any such person or corporation becomes beneficially entitled, in possession or expectancy, to any property or the income thereof by any such transfer, whether made before or after the passage of this act." Section 222 of the same law provides that all taxes shall be due and payable at the time of the transfer, except that "taxes upon the transfer of any estate, property or interest therein limited, conditioned, dependent or determinable upon the happening of any contingency or future event by reason of which the fair market value thereof cannot be ascertained at the time of the transfer as herein provided, shall accrue and become due and payable when the persons or corporations beneficially entitled thereto shall come into actual possession or enjoyment thereof." Under a statute substantially the same in phraseology, this court held, by FINCH, J., in *Matter of Hoffman* (143 N. Y. 327), that mere possibilities or chances of the acquisition of property, including not only contingent estates, but also estates technically vested, but liable to be divested, were not liable to taxation until the contingencies had passed or been fulfilled, and the right to succeed to property become certain and absolute. This doctrine has no application to the remainders given to the sons of David Dows, Jr. They are absolute and not subject to be divested or to fail in any contingency whatever. By statute they are alienable, devisable, descendible, and if the property were real estate, it could be sold on execution against their owners. (*Sheridan* v. *House*, 4 Keyes, 569; *Moore* v. *Littel*, 41 N. Y. 66.) By the aid of the table of annuities, upon the faith of which large sums are constantly distributed by the courts, the present value of these remainders is capable of ready computation. There-

30

fore, they do not fall within the exception of the statute, and are subject to present taxation. *Matter of Roosevelt* (143 N. Y. 120) is not in conflict with this view. In that case it was held that certain vested remainders should not be taxed until the termination of the preceding life estate. The will then before the court bequeathed, after the death of the life tenant, seven life annuities contingent upon the survival of the life tenant by the annuitants, with cross remainders among the annuitants themselves. These annuities being contingent were not, under the rule declared by Judge FINCH in the *Hoffman* case, taxable or their value ascertainable until they came into actual existence. The remainders given by the will were subject to these annuities. As the value of the annuities was not capable of ascertainment, the value of the remainders subject to those annuities was necessarily equally incapable of computation. It was on this ground the decision proceeded. There is no such difficuly in the present case, and the decision of the *Roosevelt* case is, therefore, not in point.

The order appealed from should be affirmed, with costs.

PARKER, Ch. J., O'BRIEN, BARTLETT, MARTIN, VANN and LANDON, JJ., concur.

Order affirmed.