### In re ELY'S ESTATE.

(Surrogate's Court, New York County. April 16, 1913.)

TAXATION (§ 895*)—TRANSFER TAX—APPRAISAL—ASSESSMENT—ESTOPPEL.

Where the value of certain interests passing under a will is not ascertainable at the time of the appraisal, and hence, under the express provisions· of Laws 1892, c. 399, § 3, not then· subject to taxation, it will not be presumed, so as to work an estoppel against a subsequent appraisal for taxation, that the appraiser considered that such values were ascertainable, and that their omission from his report and the order thereon was equivalent to a finding that they were exempt.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Application by the State Comptroller to designate an appraiser to ascertain the value of certain interests passing under the will of Richard S. Ely, deceased. Application granted.

For affirmance of order, see 157 App. Div. 658, 142 N. Y. Supp. 714.

Henry De Forest Baldwin, of New York City, for trustees.

Thos. E. Rush, of New York City (Henry A. Miller, of New York City, of counsel), for State Comptroller.

FOWLER, S. This is an application by the state comptroller to designate an appraiser for the purpose of ascertaining the value of cer· tain interests passing to legatees under the will of the decedent, the value of which was not ascertained or taxed in the original proceed· ing brought to assess a tax upon the estate of the decedent. Section 3 of chapter 399 of the Laws of 1892, which was the statute in force at the time of decedent's death, provided that the transfer of these interests, the value of which was not ascertainable at the date of the appraisal, was not taxable until such interests vested in possession. Therefore the appraiser in the original proceeding brought to assess a tax upon the estate of the decedent could not report the value of such interests as subject to taxation. As it is clear from the language of the will that such values were not ascertainable at the time of the appraisal, it will not be presumed, in the absence of an express finding, that the appraiser considered that such values were ascertainable, and that his failure to report them as subject to taxation is equivalent to a finding that they were exempt from taxation. As the value of certain interests under the will of the decedent was not ascertainable at the time of the appraisal and was not included in his report or the order entered thereon, the surrogate may, upon the petition of the state comptroller, designate an appraiser to ascertain the value of such interests as have vested in possession since the date of the original appraisal. Matter of Lansing, 31 Misc. Rep. 148, 64 N. Y. Supp. 1125; Matter of Pearsall, 149 N. Y. Supp. 34, 36.

Application to designate appraiser granted. Settle order on notice.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes