### In re ELY'S ESTATE.

(Supreme Court, Appellate Division, First Department. July 10, 1913.)

TAXATION (§ 895*)—TRANSFER TAXES—APPRAISEMENT—CONTINGENT ESTATES.
An appraiser to ascertain the transfer tax due under a will was appointed while Laws 1892, c. 399, § 3, providing that the transfer of an interest, the value of which was not ascertainable at the date of the appraisement, was not taxable until it vested in possession, was in force. Certain interests under the will were then unascertainable, and the appraiser reported that he had appraised all property subject to the payment of the tax and gave a list thereof, followed by a statement that "such property, together with the remainder of the three trust funds above set forth, was disposed of" by certain sections of the will, from which sections it appeared that the value of such remainders was then unascertainable. This report was confirmed by the Surrogate's Court, and no appeal was taken therefrom. *Held*, that the report of the appraiser and the confirmation by the court did not prevent an order to appraise and tax such interests after they had become vested in possession, since the report sufficiently excluded such interests from the former appraisement.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. §§ 1714–1721; Dec. Dig. § 895.*]

Ingraham, P. J., and Scott, J., dissenting.

Appeal from Order of Surrogate, New York County.

Appeal from an order of the Surrogate's Court appointing an appraiser to determine the amount of transfer tax due from the estate of Richard S. Ely, deceased. Order affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edward W. Walker, of Brooklyn, for appellants.

McLAUGHLIN, J. Appeal by the substituted trustees under the last will and testament of Richard S. Ely, deceased, from an order of the Surrogate's Court appointing an appraiser to determine the value of the taxable interests in such estate which were then subject to the payment of a tax under section 10 of chapter 908 of the Laws of 1896 and the amendments thereto.

On the 6th of April, 1894, an appraiser was appointed to ascertain the transfer tax. He made a report on the 11th of May, 1895, which

was confirmed on the 29th of the same month. The statute then in force (section 3, c. 399, Laws of 1892) provided that the transfer of any interest, the value of which was not ascertainable at the date of the appraisal, was not taxable until such interest vested in possession. Such interests have now become vested in possession, and are taxable unless the former proceeding and the order entered confirming the referee's report prevents a tax being imposed.

The appellant contends that the report of the referee in the prior proceeding, and the order entered thereon, contain no provision that any interests were then unascertainable, and therefore the failure to place a value on such interests was a determination that the same were not subject to a tax, that the order was never appealed from, and for that reason the Surrogate's Court was without jurisdiction to make the order, the validity of which is here questioned. It was conceded upon the oral argument of the appeal that a tax had never been imposed upon the interests here sought to be taxed, and it is clear from the language of the will that the values of such interests were not ascertainable at the time of the appraisal.

I am of the opinion that it fairly appears from the report of the appraiser that a value was not then placed upon such interests because it could not then be ascertained. The appraiser in his report stated that he had appraised all the property subject to the payment of a tax as its fair market value and then gave a list of the same. This was followed with a statement that such property "together with the remainder of the three trust funds above set forth is disposed of by sections 3, 4, 5, 6, 7, and 8" of the decedent's will, which are quoted at length. I think the statement in the report of the referee, taken in connection with the portions of the will quoted, when fairly construed, is to the effect that he had placed a value on all of the property then ascertainable, and that the value of the interests given by such portions of the will could not then be ascertained.

It follows that the order appealed from is right, and should be affirmed, with $10 costs and disbursements.

LAUGHLIN and CLARKE, JJ., concur. INGRAHAM, P. J., and SCOTT, J., dissent.