As soon as it is found in a transfer tax proceeding that the interest of remaindermen in an estate is contingent, there no longer remains any question between them and the state to which the then existing value of the residuary estate is material; and hence a finding therein as to such value is not conclusive upon the remaindermen.

　　[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1248; Dec. Dig. § 717.*]

In the matter of the transfer tax upon the estate of James Chappell, deceased. Motion by the Comptroller of the State to fix a transfer tax on the transfer of contingent remainders, which have vested in possession on the death of the intermediate tenant. Decreed according to opinion.

Thomas E. Rush, of New York City (Joseph F. McCloy, of New York City, of counsel), for State Comptroller.

Edward G. Nelson, of Brooklyn, for administratrix McGraw.

John E. O'Brien, of New York City, for administratrix Chappell.

KETCHAM, S. The comptroller moves that a transfer tax be fixed upon the transfer of contingent remainder interests which have vested in possession upon the death of the intermediate tenant, and that the date of the accrual of such tax be declared.

The life tenant died on June 12, 1912. In the order made in 1900, by which the tax was adjusted upon the transfer of the life estate, the value of the estate involved was stated at $13,445.43. It is conceded that this value was erroneous, and that the true value was $11,445.43. But the comptroller insists that he is entitled to avail himself of this wrong determination as against the remaindermen as an adjudication, and that the tax now to be fixed must therefore be calculated upon a confessedly fictitious amount. There was no finding reached in the original tax proceeding which was conclusive upon the remaindermen. As soon as it was found that their interest was contingent, there remained no question between them and the state to which the then existing value of the residuary estate was essential. All that ever arose in that proceeding which then concerned the remaindermen was the issue as to whether their interests were vested or contingent, and an adjudication not material to that issue could not bind them.

The present value of the transfer in remainder is $11,330.28, and the date of the accrual of the tax is declared for practical convenience to be the 2d day of June, 1912.

Decreed accordingly.