## Matter of the Estate of MICHAEL DUFF, Deceased.

(Surrogate's Court, New York County, January, 1921.)

Transfer tax — what subject to — estates in expectancy — wills — motions and orders — life estates — invalid exercise of power of appointment.

The will of a decedent, who died in 1904, directed the division of his residuary estate into two parts, the income from one to be paid to his son for life, and on his death the share to pass to his issue. In case no children survived the son, then the income was to be paid to decedent's daughter during her life, and upon her death the share to pass to her issue, and if no issue, then to whomsoever she should appoint by her will. Alternative provision was also made in respect to the other half, the income from which was to be paid to the daughter. She died without issue in 1913, leaving her residuary estate to her brother who died testate in 1918. In an action by the executors of the son for the settlement of his account as trustee under the will of his father, it was held that the attempted exercise by the son, in his will, of the power of appointment given to him under his father's will, was invalid, and that there was a reversion in the estate of the father which passed as if he died intestate, because no provision was made for the disposition of the remainders in case of the failure of the exercise of the power of appointment. It was also held that the powers were contingent because they might be defeated if either of the children of the father died leaving issue. In the transfer tax proceedings in the estate of the father the appraiser found the value of the life estates of the son and daughter, but suspended taxation on the remainders because of the powers of appointment thereover, and the order entered on the appraiser's report contained no reference to the remainders. *Held*, that a contention of the executors of the father's estate that the latter part of section 220(5) of the Tax Law (Laws of 1897, chap. 284) providing for the taxation of the non-exercise of the power in the donee's estate, which was in effect when the father died but repealed by chapter 732 of the Laws of 1911, which was in effect prior to the death of the son, exempted the non-exercise of the power from taxation, could not be sustained, and since no transfer took place in the

Surrogate's Court, New York County, January, 1921. [Vol. 114.

donee's estate the legislature was without power to tax the property in his estate, the transfer tax must be paid on the only transfer effected, which was in the donor's estate; hence the taxation of the estates in expectancy was held in abeyance, and they may be presently taxed against the persons in whom they vested in possession and enjoyment on their full, undiminished value.

An application to vacate an order appointing. a transfer tax appraiser on the ground that the estate of the decedent herein was not subject to further transfer tax, treated as a motion to fix the tax without the appointment of an appraiser, and the order entered will provide for vacating the order heretofore made appointing the appraiser.

APPLICATION to vacate an order appointing an appraiser.

Millard F. Johnson, for estate.

William W. Wingate, for State Comptroller.

FOLEY, S. This is an application to vacate an order appointing an appraiser on the ground that the estate of the decedent is not subject to further transfer tax.

Decedent died October 28, 1904. By his will he directed that his residuary estate be divided into two parts, the income from one of which was to be paid to his son John for life, and on his death the share to pass to John's issue. In case no children survived the son, then the income was to be paid to decedent's daughter, Mary, during her life, and upon her death the share to pass to her issue, and if no issue, then to whomsoever she should appoint by her will. Alternative provision was also made in respect to the other half, the income from which was to be paid to decedent's daughter. The daughter, Mary Carey, died without issue in 1913, leaving her residuary estate to her brother, John, who thereafter, and in the year 1918, died testate.

In an action in the Supreme Court by the execu-

tors of John for the settlement of his account as trustee under the will of his father, Michael Duff, it was held that the attempted exercise by the son in his will of the power of appointment given to him under his father's will was invalid, and that there was a reversion in the estate of the father which passed as if he died intestate, because no provision was made for the disposition of the remainders in case of the failure of the exercise of the power of appointment. *Duff* v. *Rodenkirchen,* 110 Misc. Rep. 575; affd., on opinion below, 193 App. Div. 898. The powers were held contingent because they might be defeated if either of the children of decedent died leaving issue.

In the transfer tax proceedings in the estate of Michael Duff the appraiser found the value of the life estates of John J. Duff and Mary Carey, but suspended taxation on the remainders because of the powers of appointment thereover. The order entered on the report contained no reference to the remainders, and was not a binding adjudication as to their liability for present or future taxation. *Matter of Naylor,* 189 N. Y. 556, affg. 120 App. Div. 738; *Matter of Goldenberg,* 187 id. 692. The facts in *Matter of Naylor, supra,* were very much like the facts here. In the opinion of the Appellate Division, first department, it is pointed out that the suspension of the tax on the remainders was not a binding adjudication. In that case also the court held that the remainders should be taxed at their full and undiminished value, notwithstanding that the report of the appraiser taxed the life estates and only indicated the balance remaining after the deduction of the life estates.

The executors also contend that the remainders are in no way taxable because of the varying statutory provisions existing at the date of the death of testator and at the date of death of donee — John Duff. They

Surrogate's Court, New York County, January, 1921.    [Vol. 114.

contend that the latter part of section 220, subdivision 5, of the Tax Law (Laws of 1897, chap. 284), providing for the taxation of the non-exercise of the power only in the donee's estate, was in effect in 1904 when Michael Duff died, and that this provision of the statute was repealed by chapter 732 of the Laws of 1911, in effect July 21, 1911, prior to the death of John Duff in 1918. They contend that the repeal exempted the non-exercise of the power. This contention cannot be sustained. The Court of Appeals in *Matter of Lansing,* 182 N. Y. 238, 247, held that this provision was unconstitutional. The court said where there is no transfer " there is no tax  \*  \*  \*   the act relating to taxable transfers  \*  \*  \*   imposes no direct tax and is unconstitutional since it  \*  \*  \* impairs the obligation of contracts, and takes private property for public use without compensation." I hold, therefore, that this provision was at no time valid or enforcible. That decision must be construed as declaring not taxable the non-exercise of the power by the donee, whether the will of a donor was executed prior or subsequent to the enactment of that provision. Since no transfer took place in the donee's estate the legislature was without jurisdiction to tax the property in his estate. The tax must therefore be paid on the only transfer effected, which was in the donor's estate. Hence the taxation of the estates in expectancy was held in abeyance, and they may now be taxed against the persons in whom they vested in possession and enjoyment on their full, undiminished value. Tax Law, § 230; *Matter of Goldenberg, supra.*

This application may be treated as a motion to fix tax without the appointment of an appraiser, and the order to be entered should provide for vacating the order heretofore made appointing the appraiser.

Decreed accordingly.