In the Matter of the Transfer Tax upon the Estate of MARY CAREY, Deceased.

CLEMENTINE FARR DUFF, as Executrix, etc., of JOHN J. DUFF, Deceased, Appellant; EUGENE M. TRAVIS, State Comptroller, Respondent.

First Department, May 27, 1921.

**Taxation — transfer tax — order fixing tax not res judicata preventing appointment of appraiser upon discovery of additional assets — no presumption in absence of specific finding in appraiser's report that value of assets was ascertainable or that his failure to report was equivalent to finding of exemption.**

Where neither the appraiser's report nor the order in transfer tax proceedings fixing the tax mentioned assets which were not disclosed to the appraiser by the executrix in her petition, and which may now be valued for the purpose of fixing the transfer tax, said order is not *res judicata* and an appraiser may be appointed to value said assets.

In the absence of a specific finding in the appraiser's report in the original proceeding it will not be presumed that the value of the aforesaid assets was ascertainable nor that his failure to report them as subject to taxation is equivalent to a finding that they were exempt.

APPEAL by Clementine Farr Duff from an order of the Surrogate's Court of the county of New York, entered in the

office of said surrogate on the 31st day of January, 1921, denying the application of said appellant for an order vacating an order entered in said surrogate's office on or about the 15th day of October, 1920, appointing Clarence Schmelzel transfer tax appraiser.

*Millard F. Johnson* [*Howard C. Taylor* of counsel], for the appellant.

*William W. Wingate,* for the respondent.

Order affirmed, with ten dollars costs and disbursements, on opinion of FOLEY, S.

Present — CLARKE, P. J., DOWLING, PAGE, MERRELL and GREENBAUM, JJ.

The following is the opinion of the surrogate:

FOLEY, S.:

Application is made to vacate the order appointing the appraiser on the ground that the estate is not subject to a further transfer tax. The application is denied. At the time of her death, May 3, 1913, the decedent had a reversionary interest in one-half of the estate of her father, Michael Duff. This reversion then passed to her brother, John Duff, as her heir at law and residuary devisee, and upon his death this interest became vested in possession. (*Matter of Duff,* 114 Misc. Rep. 309; *Duff* v. *Rodenkirchen,* 110 id. 575, 583; affd., on opinion below, *sub nom. Duff* v. *Fox,* 193 App. Div. 898.) The latter decision is controlling here. In the transfer tax proceedings taken after her death this interest was not taxed. It was clearly an asset of her estate not disclosed to the appraiser by the executrix in her petition in those proceedings. It is now possible to fix the value of the transfer because of the death of the brother without issue and without exercising the power of appointment, and further because of the judgment in *Duff* v. *Rodenkirchen* (*supra*) construing the will. The previous order fixing tax is not *res adjudicata.* Neither the report nor that order mentioned the asset. (*Matter of Goldenberg,* 187 App. Div. 692, 695; *Matter of Naylor,* 189 N. Y. 556; *Matter of Ely,* 157 App. Div. 658.) In the absence of a specific finding in the appraiser's report it will not be presumed that the value of the remainder was ascertainable nor that

his failure to report them as subject to taxation is equivalent, to a finding that they were exempt. (Surrogate FOWLER in *Matter of Ely*, 149 N. Y. Supp. 40.) Although a copy of the will of Michael Duff was annexed to one of the affidavits in the original proceedings, no disclosure of any reversion or remainder was made, and the will was only supplied to verify the amount due her on her death upon an annuity in a paragraph separate from that creating the life estates and powers. Submit order on notice.