In the Matter of the Estate of MARIA DE WITT JESUP, Deceased.

Surrogate's Court, New York County, March 12, 1935.

*Platt & Walker* [*George Levitus* of counsel], for the petitioner.

*John J. Buckley*, for the State Tax Commission.

*Bankers Trust Company*, as executor, etc., of Maria De Witt Jesup.

FOLEY, S.   These are cross-motions by the trustees of the estate of Morris K. Jesup and the State Tax Commission respecting the taxability in this estate of a remainder in a trust created by the will of Morris K. Jesup.

The trustees, before paying the corpus of the trust over to the beneficiaries named in the will of this decedent, seek an order declaring that there is no tax due from this estate on said remainder. The State Tax Commission opposes the application and by cross-motion seeks to tax the remainder by either of three separate methods:

(a) By amending the *pro forma* order of December 2, 1915, so as to suspend taxation on this contingent remainder interest; or

(b) By modifying said order so as to fix the tax on this contingent interest; or

(c) By fixing the tax on this interest as an additional asset as of January 10, 1934, the date it fell in and became part of this estate by reason of the death of the life beneficiary.

Morris K. Jesup, the husband of this testatrix, died January 22, 1908, and by the eighth article of his will created a trust of $300,000, the income of which was to be paid to his niece, Eleanor De Graff Cuyler, during her life. Eleanor De Graff Cuyler was given the power by will to appoint the principal of the trust to such charitable organizations as she might designate in her own will, and in default of such appointment the principal was directed to be returned to and become part of the residuary estate of Morris K. Jesup, which was bequeathed outright to this decedent.

Eleanor De Graff Cuyler died January 10, 1934, and by her will specifically refrained from exercising the power of appointment contained in the eighth article of the will of Morris K. Jesup. The reason for her refusal to exercise the limited power of appointment is obvious. The power was special and limited and she was permitted to appoint only to charity. By her refusal to appoint, the trust passed under the residuary clause of this decedent's estate. As Eleanor De Graff Cuyler, the donee of the power, is one of the two residuary legatees of this estate, her estate receives outright one-half of the fund. Mrs. Maria De Witt Jesup, the decedent here, died on June 17, 1914.

In the tax proceeding had in this estate in 1915, upon which the *pro forma* order of December 2, 1915, was entered, the appraiser in his report made no express reservation or suspension of consideration of the contingent interest of the estate in the trust of $300,000, which was dependent upon the exercise or default of the power of appointment by Eleanor De Graff Cuyler.

Neither the will of this decedent nor the schedules filed by the executors in the original tax proceeding contained any reference to this possible interest in the estate of Morris K. Jesup. The contention of the trustees here is that the mere filing of the copy of the will of Morris K. Jesup with the schedules sufficiently informed

the appraiser of the contingent interest of this estate in the $300,000 trust and that the *pro forma* order of December 2, 1915, is a final determination and *res judicata* on the taxability of property transferred by this decedent. In support of this contention they rely on the rule that where an error of law is made in a tax proceeding, the surrogate may not correct the error after the time to appeal from the order fixing the tax has expired. (*Matter of Putnam*, 220 App. Div. 34, and cases cited therein.)

That situation, however, is not existent in the present application. It has been and is the primary duty of the executor or administrator of an estate to disclose in the petition and schedules in the tax proceeding a frank and honest statement of each asset, absolute or contingent. The complete omission or an inadequate statement of a vested or contingent interest furnishes no basis for the contention that the order fixing tax is conclusive and *res judicata*. Where contingent interests are involved, particularly those to be derived under powers of appointment or through the will of another testator, a description of the possible interest should be stated with reasonable accuracy. Disclosure should also be made of such future interests which are claimed to be exempt from taxation in order to furnish a basis for inquiry into the question of taxability by the appraiser. Where the interest is contingent and not presently ascertainable, or where the future interest is not possible of present ascertainment because of the conditions of the will, disclosure is necessary in order to provide for a reservation or suspension of the tax until the actual event or the certainty of collection or non-collection is fixed.

In the pending application I hold that the mere filing of a copy of the will of Morris K. Jesup with the petition and schedules of the executors of the estate of Maria De Witt Jesup was not sufficient to form a basis for the conclusiveness of the order fixing tax entered on December 2, 1915. An examination of these schedules show that the copy of the will was filed to explain Mrs. Jesup's interest in a vested remainder under an entirely separate trust fund in the sum of $300,000 created for the life of Charles M. Jesup. That interest was set forth and reported by the executors in Schedule " C." No mention was made in the schedules of Mrs. Jesup's possible interest in the trust involved here, the fund dependent upon the life of Eleanor De Graff Cuyler. The problems that are encountered in the construction of wills containing vested and contingent interests, especially when coupled with powers of appointment, are entirely too complicated of ascertainment unless a disclosure of the present facts or future happenings are stated with reasonable accuracy. Certainly the tax appraiser should not

be required, in the absence of the disclosure of these facts, to pursue an inquiry into possible interests passing under the estate of a decedent. In the pending estate the original order fixing tax was made in 1915. The ascertainment that the interest in the trust fund would pass as a part of the residue of the estate of Maria De Witt Jesup was not made until the death of Eleanor De Graff Cuyler in 1934. It was only after the occurrence of the event and the failure of Eleanor Cuyler, the life tenant, to appoint that the actual interest passing in this estate could be determined and taxed. (*Matter of Zefita,* 167 N. Y. 280; *Matter of Clinch,* 180 id. 300.) The exact parallel to the situation here was considered and determined in *Matter of Carey* (197 App. Div. 566). There a decedent had a reversionary interest in the estate of her father. This interest passed through the intermediate life of the decedent's brother and was not capable of ascertainment until his death without issue and without exercising a power of appointment. In the original transfer tax proceeding no disclosure of the possible reversionary interest was made. It was not mentioned in the schedules, nor in the report of the appraiser nor was taxation of the asset suspended in the order fixing tax. A copy of the will of the father was filed in the original proceeding. It was filed for the purpose of disclosing an annuity to the decedent entirely disconnected with the reversionary interest. I held that the original order fixing tax was not *res judicata.* (Citing *Matter of Goldenberg,* 187 App. Div. 692, 695; *Matter of Naylor,* 189 N. Y. 556; *Matter of Ely,* 157 App. Div. 658; *Matter of Ely,* 149 N. Y. Supp. 40.) I also held that the reversion was taxable as an additional asset. The Appellate Division affirmed this decision upon the opinion of the surrogate.

The motion of the trustees is, therefore, denied and the cross-motion of the State Tax Commission to fix the tax on the additional asset is granted.

Submit order on notice modifying the order of December 2, 1915, so as to fix tax on such additional asset.