## In the Matter of the Estate of RICHARD LATHERS, Deceased.

Surrogate's Court, Westchester County, January 28, 1938.

*Gifford, Woody, Carter & Hays*, for the trustees.

*Edgar Hirschberg*, for the State Tax Commission.

MILLARD, S. The State Tax Commission has appealed from an order entered on April 30, 1937, modifying a *pro forma* order entered herein on July 18, 1904, fixing the transfer tax on a remainder interest passing under the will of this decedent, over which there was a power of appointment. The notice of appeal of the State Tax Commission also attempts to bring up for review the tax on the remainder interest in this decedent's estate over which Agnes Lathers had a power of appointment. The petitioners, Ida Lathers and City Bank Farmers Trust Company, as substituted trustees under the will of this decedent, for the benefit of Julia Lathers, have interposed a cross-appeal to the order of April 30, 1937, and both appeals are now before the court for decision.

The appeal of the State Tax Commission in so far as it relates to the remainder of the trust held for the benefit of Agnes Lathers is not properly before the court at this time, and to that extent its appeal is overruled and dismissed.

Decedent died on September 17, 1903, leaving a will admitted to probate on November 14, 1903. In paragraph " fifteenth " of his will he established a trust for the life of his wife, Abbie P. Lathers. The duration of this trust was measured by the life of his wife, and, upon her death, the trust was to be divided into six equal parts, and each part held in trust for each of his six children, to wit, Abbie Caroline Lathers, Agnes Lathers, Emma L. Simpson, Ida

Lathers, Julia Lathers and Richard Lathers, Jr. The widow and all of the children survived the testator. Upon the death of each child, he or she was to have a general power of appointment by will and, in default of such appointment, the remainder was to go to the child's heirs. All of the parties concerned have now died, with the exception of the petitioner, Ida Lathers.

On December 12, 1903, Charles H. Lovett was appointed as transfer tax appraiser in this estate and he filed his report on July 13, 1904. In his report as to the remainders of the trusts over which the children of the decedent were given the power of appointment, the appraiser reported the diminished value thereof and recommended that the tax upon such remainders be suspended. A *pro forma* order, originally dated July 18, 1904, and amended on September 17, 1904, to this effect, was subsequently filed. The value of the undiminished life estate as fixed by this order was $107,342.86, the diminished life estate being $33,728.86.

Julia died on May 8, 1935, a resident of New York county, leaving a will which was admitted to probate in that county on July 1, 1935. She attempted, in her will, to exercise the power of appointment given her under the will of her father, Richard Lathers, in favor of her sister, Ida Lathers. By an instrument in writing dated May 6, 1936, the said Ida Lathers refused to take under such power of appointment and renounced any and all benefits which might accrue to her under the said attempted exercise of the power of appointment by Julia Lathers. Instead she elected to take the remainder of the trust under the will of her father, Richard Lathers, in accordance with the provisions of his will as sole heir of her sister, Julia Lathers. In a proceeding brought by Ida Lathers and the City Bank Farmers Trust Company, as substituted trustee under the will of Richard Lathers, for an order exempting that portion of the estate of Richard Lathers, over which Julia Lathers had a power of appointment, from further tax, the order of April 30, 1937, was made, which order imposed a tax upon the diminished remainder. It is this order which gives rise to the present controversy, and the question now before the court may be simply stated as follows: (1) Whether or not the remainder interest over which Julia Lathers held a power of appointment, which was never effectually exercised by her, may now be taxed in the estate of her father, Richard Lathers, and the *pro forma* order entered on September 17, 1904, amended in that respect; and (2) whether the said tax shall be based upon the full undiminished remainder over which she held the appointment or the amount diminished by her life estate. The grounds upon which the petitioners, Ida Lathers and City Bank Farmers Trust Company, as

substituted trustee, base their appeal may be summarized as follows: *First*, that neither the surrogate nor the Surrogate's Court of this county has any jurisdiction or right to fix or impose any transfer or inheritance or estate tax upon the remainder of the trust established in paragraph " fifteenth " of the will of Richard Lathers, deceased, for the benefit of Julia Lathers over which Julia Lathers had a power of appointment; *second,* that the imposition of such tax would be a violation of section 10 of article 1 of the Constitution of the United States and section 1 of the Fourteenth Amendment to the said Constitution, and also a violation of section 6 of article 1 of the Constitution of the State of New York; and *third*, that the former orders of this court are *res adjudicata* as to the fixing of tax in this estate.

The contention of the State Tax Commission is that this court may properly fix the transfer tax upon the vested remainder interest over which Julia Lathers held a power of appointment and that such tax should be based upon the undiminished remainder rather than upon the diminished remainder, as was provided in the order of April 30, 1937. Upon the first ground, the constitutional authority of the State to tax has been sustained by the United States Supreme Court in *Chanler* v. *Kelsey* (205 U. S. 466, sustaining *Matter of Delano*, 176 N. Y. 486); *Orr* v. *Gilman* (183 U. S. 278, sustaining *Matter of Dows*, 167 N. Y. 227); *Matter of Zborowski* (213 id. 109).

It is my opinion that the estate of Richard Lathers is now properly taxable to the extent of the remainder over which his daughter, Julia, held the power of appointment but which power she did not successfully exercise. The transfer of this property would have been taxable in the estate of Richard Lathers at the time of his death but for a statute in force at that time providing that the tax on the transfer of such property should be imposed in the estate of the grantee of such power of appointment in the event that the power is exercised. It was, therefore, proper to enter the *pro forma* order of September 17, 1904, suspending the tax upon this portion of his estate until the same should become vested. (Tax Law, § 220, subd. 5, as amd. by Laws of 1897, chap. 284.) This provision was in force at the death of Richard Lathers. By chapter 76 of the Laws of 1899, section 230 of the Tax Law was amended, but in *Matter of Howe* (176 N. Y. 570) it was held that this amendment did not repeal or nullify the provisions of section 220. There can, therefore, be no doubt as to the taxable right at the death of the decedent. Ida Lathers had the right to refuse to accept under the will of her sister, Julia, and instead elect to take under the will of the donor. This is well-established law. (*Matter of Ripley*,

122 App. Div. 419; affd., 192 N. Y. 536; *Matter of Slosson*, 216 id. 79; *Matter of Taylor Estate*, 121 Misc. 7; affd., 209 App. Div. 299; affd., 239 N. Y. 582.) The appointive fund, however, does not escape taxation but is subject to tax in the estate of the donor by reason of the fact that the power of appointment fails.

The contention that an omission in the appraiser's report and subsequent orders entered thereon suspending the taxation of the remainder of a fund are *res adjudicata*, is without weight. (*Matter of Naylor*, 189 N. Y. 556, affg. 120 App. Div. 738; *Matter of Duff*, 114 Misc. 309; affd., 196 App. Div. 969; *Matter of Vanderbilt*, 163 Misc. 667.)

In *Matter of Vanderbilt* (*supra*) one of the questions decided was whether or not the transfer or estate tax should be imposed upon the diminished or undiminished fund, and the court said (at p. 678): " For similar reasons, the statutes in existence at the date of death of the donee determine the amount of the appointive fund and whether it is to be taxed undiminished or diminished by the value of the life estate of the life tenant. The contention of the appellants that the value of the securities within the fund at the date of the death of Mrs. Vanderbilt — $5,935,572.07 — must be reduced by the deduction of the value of her life estate is overruled. The statute in effect in 1934 at the date of her death made no provision for such deduction. The whole fund as it exists at the date of death of the donee must be included in the gross estate. Similar contentions as to parallel prior statutes have been overruled by the court. (*Matter of Bucki*, 172 App. Div. 455; *Matter of Seligmann*, 170 id. 837.) Since the law in effect at the date of the death of the donee applies, it is likewise immaterial whether the form of tax effective as of that date is a transfer tax or an estate tax. (*Matter of Wendel*, 223 N. Y. 433; *Matter of Keeney*, 194 id. 281; *Keeney v. New York*, 222 U. S. 525.) "

Julia Lathers died on May 8, 1935, and the statutes in effect on that date made no provision for the deduction of her life estate, hence the whole fund must be included in the gross estate, and the tax based upon the undiminished remainder.

The State Tax Commission has consented to a reduction of the interest penalty from ten per cent to six per cent.

The cross-appeals of Ida Lathers and City Bank Farmers Trust Company as substituted trustee, are dismissed.

Submit order on notice.