In the Matter of the Estate of Leonard B. McKitterick, Deceased.

Surrogate's Court, New York County, October 18, 1940.

*Wickes, Neilson & Riddell*, for the executrix.

*Jerome M. Hirsch*, for the State Tax Commission.

Delehanty, S. By appropriate motion made within the time limited in the statute the estate representative seeks to modify a *pro forma* order of this court which fixed the estate tax.

The company which employed deceased paid to his estate a large sum of money which represented deceased's share of the profits of the company from January 1, 1936, to the date of deceased's death, August 15, 1936, under a so-called management bonus plan. When the *estate* tax was computed by the appraiser he included this sum as property of deceased owned by him at the date of death. An appeal taken from the inclusion of this amount in the gross estate has not been brought on for argument and it is still pending undetermined.

Through its *income tax* bureau the State Tax Commission undertook to assess an income tax *against the estate* for the year 1937 because of the receipt by the estate fiduciary of the moneys which were paid under the bonus plan. Later the Tax Commission notified the estate representative that the question of liability of the estate as such for income taxes in 1937 would be held in abeyance to await the action of the Federal tax authorities in respect of the same subject-matter.

The Commission, however, assessed an additional *income* tax against *deceased* for the year 1936 on the same bonus plan payment on the ground that the amount due at deceased's death was income to him for the period antecedent his death. This action of the State Tax Commission was taken nearly two years after the appraisal of the estate. The income tax thus assessed by the State Tax Commission for the year 1936 is $10,761.07.

When advised in the year 1940, nearly two years after the appraisal, of this new claim of indebtedness *on the part of deceased* for taxes due on income accruing to him *during his life*, the estate representative asked that the additional liability so determined by the State Tax Commission be treated as a deduction from the sum fixed as the net taxable estate in 1938. This was refused by the *estate tax* bureau of the State Tax Commission. The court is now asked to grant the appropriate credit. On this application

there is a further request by the estate representative for further credits for additional administration expenses. These amount to $3,693.95 and their deduction is assented to by the State Tax Commission. The only controversy is over the deductibility of the $10,761.07 assessed as the liability of the *deceased* for income taxes on income earned during his life. The State Tax Commission opposes the allowance of the deduction on the ground that the taxes claimed have not been paid and on the ground that the need for finality in fixing taxes forbids action by the court even in respect of a liability first asserted by the State Tax Commission itself long after the estate tax was originally fixed.

Here the fiduciary concededly received a sum of money of which the whole amount was included in the gross estate of deceased for estate tax purposes. In respect of it two utterly inconsistent assertions have been made by the State Tax Commission. The first (that which assessed an income tax against the estate as such) the Tax Commission itself has held in abeyance. The second (that which asserted an income tax liability against *deceased* for income earned in his lifetime) is insisted upon by the State Tax Commission as a debt of the estate. The obligation of the estate fiduciary to protect the estate against loss requires action in such circumstances. Loss will occur if both the estate as an entity and deceased are held liable for income tax in respect of the same receipt of the same sum of money. The estate further will lose substantially if in respect of the estate tax an obligation of deceased now asserted by State Tax Commission is not credited against the gross estate in computing the net estate subject to tax.

The court deems the estate to be entitled to relief in such circumstances. Here the State Tax Commission has itself assessed the sum of $10,761.07 as an obligation of the estate. Its assessment establishes *prima facie* the liability of the estate. (Tax Law, §§ 352, 380; *Matter of Suderov,* 156 Misc. 661; affd., 249 App. Div. 763; affd., 274 N. Y. 525.) To hold the State Tax Commission to the basis established by its own ruling can give it no reason for just complaint.

In arguing for non-deductibility of the tax assessed by it the State Tax Commission asserts that the Tax Law contemplates finality in the fixation of tax and asserts that the court is without power to delay for any reason the determination of the estate tax due the State. This argument for finality is based upon text which was put into the Tax Law at the instance of the Commission to Investigate Defects in the Law of Estates. That text has to do with the acceleration of the date when the tax on contingent interests can be ascertained and paid. (*Matter of Chollet,* 148 Misc. 782.)

It has no relation to a situation such as is here presented. The power and duty of the court to make such adjustments in tax matters as the special circumstances in any estate require are established by *Matter of Westurn* (152 N. Y. 93, 103), *Matter of Hubbard* (234 id. 175) and *Matter of Jessup* (155 Misc. 846).

The further position taken by the State Tax Commission that the debt assessed by it is deductible only when paid is without support either in the statute or in the authorities. The statute does not require the allowance of the debt by the court or its voluntary payment by the estate to qualify it for a deduction. The sole test is whether or not it is a debt or charge valid in law and entitled to enforcement. (*Commissioner* v. *Strauss*, 77 F. [2d] 401, 405; *Commissioner* v. *Lyne*, 90 id. 745.)

The State Tax Commission cites to the court its own decision in *Matter of Nadal* (N. Y. L. J. June 21, 1934, p. 3017). The case is not in point. There the question arose respecting a purported assessment of taxes by the Federal authorities, the legality of which was challenged by the estate representative. At the time the opinion of this court was released the status of this claim was that the estate representative was denying its validity and the State Tax Commission on that basis was asserting its non-deductibility. As the file in the cited case shows the court did not limit its order modifying the tax to the deduction of an amount which had been actually paid to the State taxing authorities and was there conceded to be a valid deduction but withheld its order until the controversy between the estate and the Federal authorities had been settled and then granted a deduction which included the total amount paid to both governments. The actual decision of the court is that embodied in its order, and since at the time of the order there was open no question respecting unpaid items the case is not in point.

Here the State Tax Commission is occupying a wholly inconsistent position. It says through one bureau that the estate is liable for income taxes on benefits accruing as income to deceased while he lived and through another bureau is endeavoring to say that such liability shall not be treated as a debt of his deductible in fixing the estate tax. The court will not validate that sort of procedure. It holds the estate entitled to the deduction.

The order of the court would normally authorize an outright deduction of the liability thus asserted by the State Tax Commission. The court deems that it has the power hereafter to reopen the estate tax proceeding at the instance of the State Tax Commission if, in connection with the controversies created by the act of the Commission in assessing income taxes on the same fund to

two different persons and in respect of two different years, it shall be determined that there was no liability of deceased arising during the year 1936. But in view of the assent of the estate representative to a disposition of this motion which will continue this application and reserve jurisdiction in the court to make a final determination, the motion of the estate representative is granted in all respects. The tax will be computed on the basis of the deductions hereby allowed by the court. Its order will reserve to the State Tax Commission the right to apply for a modification of the order in the event that the ultimate liability of deceased for income taxes for the year 1936 shall be determined to be non-existent or to be less than $10,761.07.

Submit, on notice, order accordingly.