Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-4139
Re: Is property in Texas passing under
a power of appointment granted in
1920 and exercised in 1941 subject
to an inheritance tax?

We are in receipt of your letter of October 16,
1941, in which you request the opinion of this department
on the question set out in your letter as follows:

"The question has been raised by the Tex-
arkana National Bank of Texarkana, Texas, Execu-
tor of the estate of Mrs. Sophie Wessel, who
died on May 10, 1941, a resident of Bowie County,
Texas, as to whether or not property in this
State passing under a Power of Appointment,
granted by Mrs. Wessel's husband in 1920, and
exercised in May of this year, by her, is sub-
ject to an inheritance tax.

". . ."

In order to more fully comprehend the question
you ask we will set out certain other pertinent facts which
we have gathered from the file which you enclosed with your
letter of opinion request. On March 19, 1920, Herman A.
Wessel executed his last will and testament. Pertinent por-
tions thereof read as follows:

"SIXTH: As to all of the rest and residue
of my estate, real and personal and mixed, where-
ever located, not hereinbefore specifically de-
vised and bequeathed, I give, devise and bequeath
the same to Mr. W. R. Grim of Bowie County, Texas,
and to Ben Wilson, of Miller County, Arkansas, as
Trustees, to be held by them and their successors

631

for and upon the following purposes, uses and trusts, namely:

". . .

"SEVENTH: I direct that this trust shall terminate at the death of my beloved wife, Sophie Wessel, hereinbefore named beneficiary, and the principal fund thereof, after her decease, freed from all trust, I give, bequeath and devise to such person as she may in her last will and testament name, designate and appoint. I recommend and suggest to her that if she shall execute such last will and testament that she make such legacies, devises and bequests to the children of my sister, Philomena Moemke, then living, or to their decendants, if any, as she may deem proper and advisable. If she should fail to exercise such power of appointment by executing her last will and testament, then I give, devise and bequeath the principal of the aforesaid trust estate, absolutely, freed from all trust purposes, to the said children of my said sister, Philomena Moemke, surviving my said wife, share and share alike, and the issue of deceased children and their heirs and assigns forever, said issue to take the parents share per stirpes and no per capita. In the event of the death of the children of my said sister, Philomena Moemke, without issue, then this devise is to said remaining children, share and share alike; but in the event any of such children of my sister shall die leaving lawful issues, him or her surviving, then the share of such deceased child shall pass to the surviving issue of such child, the same to be distributed among such issue, equally, per sitpres and not per capita."

From the above it may be seen that the testator gave to his wife the power to appoint by her last will whomever she desired should take the remainder of the trust fund created by him in his will. If she failed to exercise the power of appointment then the testator provided that the principal of the trust estate should go to the children of his sister. The testator died subsequent to the execution of this will.

632

Mrs. Sophie Wessel exercised the power of appointment granted to her by the testator in a will that she executed on the 5th day of April, 1935. Paragraph 15 of said will provides as follows:

"FIFTEEN: It is my will, and I hereby name, designate, nominate and appoint Dr. H. E. Woosley of Texarkana, Arkansas, to have and receive all the remainder, rest and residue of the said trust estate of my deceased husband of every kind, character and description, real, personal and mixed, wheresoever situate, remaining upon my death and after the payment of the foregoing specially appointed bequests and devises. And I also give, devise and bequeath unto the said Dr. H. E. Woosley of Texarkana, Arkansas, all the rest, residue and remainder of my separate estate and property of every kind, character and description, real, personal and mixed; both in compensation and gratitude for his devoted care and attention during my widowhood and old age."

Mrs. Wessel died on May 10, 1941, a resident of Bowie County, Texas. We have pointed out the facts in connection with the two wills in order that it may be seen that Mrs. Wessel did exercise the power of appointment and she nominated and appointed an individual to receive the residue of the trust estate who was a different individual than the individuals named by the original testator to take in the event that Mrs. Wessel did not exercise the power of appointment granted to her.

Article 7117 of the Revised Civil Statutes of Texas as amended in 1939 provides in part as follows:

"All property within the jurisdiction of this State, real or personal, corporate or incorporate, and any interest therein, including property passing under a general power of appointment exercised by the decedent by will, . . . . which shall pass absolutely or in trust by will or by the laws of descent or distribution of this or any other State, or by deed, grant, sale, or gift made or intended to take effect in possession or enjoyment after the

Honorable George H. Sheppard, Page 4

> death of the grantor or donor, shall, upon
> passing to or for the use of any person, cor-
> poration or association, be subject to a tax
> for the benefit of the State's General Revenue
> Fund, in accordance with the following classi-
> fication. . . " (Underscoring ours)

The 1939 amendment included for the first time
the language "including property passing under a general
power of appointment exercised by the decedent by will."
By express language the above quoted article levies the
Texas Inheritance Tax against property passing under a
general power of appointment at the time the power is ex-
ercised by the decedent by will. Under the facts submitted
in this case, the residue of the trust estate of Herman A.
Wessel is now passing under a general power of appointment
exercised by the decedent by will. Also the exercise of
the power of appointment passes the property as of the
time of the death of decedent which is in 1941 subsequent
to the amendment to the Texas Inheritance Tax statute above
mentioned.

The attorneys for the estate in this case apparent-
ly take the position that the tax levied above on property
passing under a general power of appointment cannot consti-
tutionally apply in this case because the original will of
the testator granting the power of appointment was executed
and his death occurred prior to the time of the 1939 amend-
ment to the Texas Inheritance Tax Law which specifically
taxed the exercise of the power so granted.

The courts of this State have never passed upon
the proposition involved in this case, but there are numerous
cases decided by the courts of other states which uphold the
validity of such taxation. Some of the leading cases on this
point will be discussed herein.

The general rule of law applicable may be found
in 61 Corpus Juris 1600 as follows:

> ". . . In some states there are statutes which
> tax the exercise of the power of appointment, and
> under such a statute, if the beneficiaries receive
> by virtue of the exercise of the power, the trans-
> fer is taxable although the creation of the power

Honorable George H. Sheppard, Page 5

was before the date of the enactment, whether
the power was exercised in a will or by deed.
. . ."

In 1907 the Supreme Court of the United States
in the case of Chanler v. Kelsey, 205 U. S. 466, passed
upon a question very similar to the one being discussed
herein. The headnote to such case which is found in 205
U. S. Reports, briefly states the holding of the court
in that case as follows:

"The imposition of a transfer or inheritance
tax under ch. 284, Laws of New York, 1897, on
the exercise of a power of appointment in the
same manner as though the estate passing thereby
belonged absolutely to the person exercising the
power, does not, although the power was created
prior to the act, deprive the person taking by
appointment, and who would not otherwise have
taken the estate, of his property without due
process of law in violation of the Fourteenth
Amendment; nor does it violate the obligation
of any contract within the protection of the im-
pairment clause of the Federal Constitution."

There are probably more New York cases on this
point than there are cases in all the other states of the
United States put together. One of the leading cases is
the case of In Re Vanderbilt's Estate , 63 N. Y. Sup. 1079.
In that case the Supreme Court of New York was concerned
with a situation where a power of appointment had been granted
prior to the amendment to the transfer tax of New York of
1897 which amendment provided that property passing under the
exercise of said power should be taxable. The point was
raised that the above amendment was unconstitutional in ap-
plying it to a situation where a power has been granted prior
to the enactment of the amendment because the same deprived
the taxpayer of his property without due process of law. The
court stated as follows:

". . . The real ground upon which the con-
tention of the appellant is made here is that
the execution by Cornelius Vanderbilt of the
power of appointment related back to the will
of his father, which gave him that power, and
that therefore everything connected with and
every interest affected by the exercise of that
power is to be regarded as coming under the ad-

Honorable George H. Sheppard, Page 6

ministration of William H. Vanderbilt's estate,
and must be controlled by the law in operation
at the time of the probate of William H. Van-
derbilt's will, or, the state the point as made
by the learned counsel for the appellant, that
every right of inheritance with respect to the
fund passed and became complete before the pass-
age of the amendment of 1897, and no right of
inheritance came into existence by the exercise
of the power in the will of Cornelius Vandervilt,
and there is nothing in respect to this fund for
the amendment of 1897 to operate upon."

". . . And we think that the authority of
the state to impose a tax on the right of suc-
cession continued until the time at which the
extent of that right was finally fixed by the
exercise of the power of appointment. If the
views above expressed are correct, then it is
quite apparent that property has not been taken
without due process of law, but only in the
ordinary exercise of the right of the state to
impose burdens upon the citizen by way of taxa-
tion."

This case was affirmed by the New York Court of
Appeals as reported in 57 N. E. 1127.

The Supreme Judicial Court of Massachusetts in
the case of Minot v. Stevens, 95 N. E. 973, stated the rule
as follows:

". .. It is held, and so far as we know
without dissent, that, through the exercise of
the power, a right of succession to property
may come into existence afterwards, which prop-
erly may be a subject for the imposition of a
tax. Emmons v. Shaw, 171 Mass. 410, 50 N. E.
1033; Crocker v. Shaw, 174 Mass. 266, 54 ,
N. E. 549; In re Dow's Estate, 167 N. Y. 227,
60 N. E. 439; 52 L. R. A. 433, 88 Am. St. Rep.
508; In re Cooksey's Estate, 182 N. Y. 92;
74 N. E. 880; Chanler v. Kelsey, 205 U. S. 466,
27 Sup. Ct. 550, 51 L. Ed. 882. The tax is im-
posed as of the time when the succession in
possession and enjoyment occurs through the

Honorable George H. Sheppard, Page 7

happening of the event that determines it."

One of the best statements of the rule and the reasons for the same was made by the Supreme Court of Wisconsin in the case of Montague v. State, 157 N. W. 808. The court stated as follows:

"1. The inheritance tax, being a tax upon the transfer or devolution of property or the right of succession thereto, and not a tax upon the property itself, may be properly levied upon a transfer which becomes effective by appointment made after the passage of the law under a power previously created, for the reason that the transfer does not become complete until the appointment is made and at that time the law is in effect. Matter of Dows, 167 N. Y. 227, 60 N. E. 439, 52 L. R. A. 433, 88 Am. St. Rep. 508; Matter of Cooksey, 182 N. Y. 92, 74 N. E. 880; Minot v. Treasurer, 207 Mass. 588, 93 N. E. 973, 33 L. R. A. (N.S.) 236; Smith v. Probate Court, 124 Minn. 508, 145 N. W. 390, 50 L. R. A. (N.S.) 262 Ann. Cas. 1915B, 861."

One of the leading cases on this point is the case of Wachovia Bank & Trust Co. v. Doughton, 126 S. E. 176, by the Supreme Court of North Carolina. In that case, as in the case before us at this time, the power of appointment was granted prior to the enactment of the statute which authorized the taxation of the exercise of said power by a decedent. The court held that property passing under such exercise of the power was taxable and was a proper subject of taxation. The court stated as follows:

". . . If the right to take property by bequest or devise be not an inherent or natural one, but a privilege accorded by the state, which it may grant or withhold at its pleasure, it follows that the right to make a will, or to exercise the power of appointment by testamentary disposition, is equally a privilege and equally subject to the taxing power of the state . . ."

"The exercise of the power of appointment now under consideration took place by the permission and under the direct protection of our laws.

> This would seem to bring it within the reach
> and power of the state to tax. . ."

The case was reversed by the Supreme Court of
the United States in an opinion reported in 272 U. S. 567,
71 L. Ed. 413. The Supreme Court reversed the case because
the Supreme Court of North Carolina had taxed property lying
without the State of North Carolina. However, in reversing
the case the Supreme Court of the United States recognized
the rule stated herein and stated as follows:

> "In Orr v. Gilman, 183 U. S. 278, 46 L. ed.
> 196, 22 Sup. Ct. Rep. 213, and Chanler v. Kelsey,
> 205 U. S. 466, 51 L. ed. 882, 27 Sup. Ct. Rep.
> 550, this court held that by an act passed sub-
> sequent to the instrument which created a power
> of appointment New York might tax its execution
> without violating the 14th Amendment. . ."

In the case of State v. Probate Court of Ramsey
County, 145 N. W. 390, the Supreme Court of Minnesota upheld
the validity of a statute which taxed transfers of property
by the exercise of a power of appointment including transfers
where the power had been granted prior to the passage of the
act in question.

The most recent case that we have found discussing
this question is the case of Commonwealth v. Fidelity and
Columbia Trust Co., 146 S. W. (2d) 3, by the Court of Appeals
of Kentucky. In that case the court had before it a fact
situation somewhat similar to the one before us at the pres-
ent time and the contention was made that to apply the in-
heritance tax to transfers by the exercise of the power of
appointment in a case where the power had been given prior
to the enactment of the statute authorizing the taxation of
such transfers would render said statute invalid as being
retroactive. The court stated as follows:

> ". . . But it cannot be said that the Leg-
> islature in laying a tax on the appointees tak-
> ing the property is in reality making the tax
> retroactive and taxing the property of the donor.
> As was said in the Manning case, the beneficiary
> had no right to the possession and enjoyment of
> the estate until the donee's death, thus a new
> right came into existence and it is this which
> the statute has taxed."

Honorable George H. Sheppard, Page 9

In the brief submitted by the attorneys for the estate is contained the following statement:

"The law relating to such matter is, according to our understanding, thereof, contrary to the views expressed by Mr. Bird, upon the theory that the appointee takes by virtue of the original grant, which precludes the exaction of an estate tax enacted after the death of the donor of the power, as in the present instance, notwithstanding the enactment of the present law providing for a tax upon property passing under a general power of appointment exercised by the decedent by will, and it was so held in the cases of United States v. Field, 255 U. S. 257, 65 L. ed. 617, 41 Sup. Ct. Rep. 256, and Ephriam Lederer, Collector of Internal Revenue for the First District of Pennsylvania, v. John W. Pearce, Exr., etc., of Alfred Pierce, deceased, 266 Fed. 497, which cases are also reported in 18 A. L. R. 1461, et seq. and rather extensively annotated."

We have examined the case of Lederer v. Pearce, 266 Fed. 497, and do not believe that the same in any way touches upon the question in this case for the reason that in that case the Federal Court was not considering a tax statute which taxed the passing of property upon the exercise of a general power of appointment. Also in the case of United States v. Field, 255 U. S. 257, the Supreme Court of the United States was not considering a statute which specifically taxed property passing by the exercise of a general power of appointment. In that case the court stated that the question was one of statutory construction and the only authority for the taxation of the property passing under a general power of appointment was a regulation issued by the United States Internal Revenue Department. In passing on that question, however, the court recognized the general rule stated throughout this opinion and stated as follows:

"No question being suggested as to the power of Congress to impose a tax upon the passing of property under testamentary execution of a power of appointment created before, but executed after the passage of the taxing act (see Chanler v. Kelsey, 205 U. S. 466, 473, 478, 479, 51 L. ed. 882, 886, 888, 889, 27 Sup. Ct. Rep. 550; Knowlton

639

v. Moore, 178 U. S. 41, 56-51, 44 L. ed. 969,
975-977, 20 Sup. Ct. Rep. 747), the case involves
merely a question of the construction of the act.
. . ."

By way of conclusion the Texas Inheritance Tax
Law taxes property passing upon the exercise of a general
power of appointment exercised by a decedent by will without
making any distinction as to when the power of appointment
was granted to said decedent. Based upon the above author-
ities, it is the opinion of this department that the tax is
due in this case, despite the fact that the power of ap-
pointment was granted prior to the enactment of the stat-
utory amendment in question.

We trust that the foregoing will be sufficient to
enlighten you in this matter.

Yours very truly

APPROVED OCT 31, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

ATTORNEY GENERAL OF TEXAS

By        Billy Goldberg
                Assistant

BG:LM

